(6 Misc. Rep. 158.)

### HOPF v. UNITED STATES BAKING CO.

(Superior Court of Buffalo, Trial Term.    October, 1892.)

PARENT AND CHILD—HARBORING INFANT—ELECTION OF REMEDIES.
Where a father sues for the wages of his infant son, employed without his consent, he thereby ratifies the hiring, and waives the tort involved in the harboring of the son.

Action by Christian Hopf against the United States Baking Company to recover damages for unlawfully harboring plaintiff's infant son. There was a verdict in favor of plaintiff, and defendant moves for a new trial on the minutes of the court. Granted.

For former report, see 21 N. Y. Supp. 589.

M. Fillmore Brown, for plaintiff.
Spencer Clinton, for defendant.

HATCH, J. When plaintiff rested his case, defendant moved for a nonsuit. At the close of the trial, it moved for the direction of a verdict upon the ground that plaintiff, having elected to proceed against defendant for the recovery of wages, had waived the tort involved in the harboring, and could not now maintain this action. The same question was also raised by a request to charge the jury. All were denied, and defendant excepted. These grounds furnish the basis of the present motion.

There can be no doubt but that plaintiff was entitled to the care and control of his son; to enjoy his society, and have the benefit

of his earnings; and, when he found the son in defendant's employ, he had the undoubted right to demand his discharge from that employment.    And if defendant persisted in keeping the boy, intending to deprive the father of his society and the exercise of parental authority, it committed a wrong, for which the parent has a right of action for such damage as he sustains in consequence of the tort. This result is not contended against.    It is also equally true that the father may consent to the employment of his minor son, and when he so consents no action for harboring him will lie, although he be thereby deprived of his society, custody, and control.    It follows, therefore, that he cannot occupy the two positions.    He cannot have the fruits of his labor, and also maintain an action for harboring.    His election, therefore, determines his attitude with respect to the minor's employment.    In the present case, he first demanded that he be discharged, as was his right.    When this was willfully refused, assuming that it was, and the boy was retained, with the intent of depriving plaintiff of his rights, his cause of action became complete.    But he did not adopt this remedy. What he did do was to demand the boy's wages, threatening suit unless they were paid, and this he followed up by an action to enforce the demand.    I think he must be held concluded by this act. Its effect was to ratify the act of hiring, and to consent that the minor should be employed, plaintiff insisting upon his right to wages earned.    When he adopted this course, he must be held to have abandoned the other; and, as he never thereafter demanded that the minor be discharged, the minor's employment must be treated as having been with plaintiff's consent.    It is conceived that this view is supported by authority.    In Insurance Co. v. Lawrence, 14 Johns. 55, it is said:    "The principle of law is that if a man has an election to do or demand one of two things, and he determines his election, it shall be determined forever."    In Garrison v. Marie, 7 Civil Proc. R. 121, it is said:    "When a person has made an election as to rights, he should not afterwards be permitted to change his position, and set up an inconsistent right." Numerous authorities support the correctness of this doctrine.  Rich v. Bank, 3 Hun, 485; Hughes v. Mining Co., 7 Hun, 678; Dinsmore v. Duncan, 57 N. Y. 580.

It is said that this result cannot be here reached, for the reason that defendant has not been prejudiced.    I do not think this would change the result, if it were true, but in fact it cannot be said to be true.    Had not plaintiff made the demand for wages, it could not be certainly said that defendant would have kept the boy, and persisted in the wrong; but, when the demand for wages was made, defendant had the right then to think that the employment was lawful, and wages would satisfy plaintiff's wishes, and therefore continued the employment.    When sued for wages, it did in fact pay a part, by arrangement with plaintiff's representative, and held the balance for the person entitled. · When sued, if it had been for harboring, it could then have discharged the minor, and thus reduced liability for damages which might thereafter accrue.    By plaintiff's action, defendant had the right to act upon the assump-

tion that it was not charged with wrongdoing, but was only liable for wages which it stood ready to pay to the person entitled. This was a very different position from that which it would have occupied, had defendant brought his action for harboring. One liability was determined by the amount of wages, and was lawful. The other was a wrong, where the damages might be perceptibly increased. Plaintiff determined defendant's position, and cannot now change it.

The case of Woodward v. Harlow, 28 Vt. 338, is cited in opposition to the doctrine here laid down. In that case certain notes were delivered by a third party to defendant, without plaintiff's authority, he being sick at the time. Upon recovery, he repudiated the transaction, and demanded the return of the notes, which was refused. Afterwards, he brought action for debt to recover the amount of the notes, and it was held that he was not estopped by his former demand. The court said:

"It is of no consequence that plaintiff at first disapproved of the act of Marks. This could not have the effect to prevent a subsequent ratification of the acts. His disapproval of the acts of Marks was at any time countermandable, and cannot have the effect, by way of estoppel or otherwise, to conclude the plaintiff from a subsequent adoption of the assumed agency."

Had defendant interposed the objection to the suit for wages that plaintiff claimed the original hiring was unlawful, and that he had demanded the boy's discharge, and claimed defendant was harboring him, this authority would be precisely in point, as an answer thereto. As it is, for reasons already stated, it has no application. The proof upon the trial tended quite stronglv to show that the original hiring of plaintiff's boy was with plaintiff's consent. It was much stronger to show that in no correct sense could it be said that defendant at any time harbored the boy. intending thereby to deprive plaintiff of his care, custody, society, and earnings, but that the boy, on the contrary, by reason of trouble with his father, with which defendant had nothing to do, determined to abandon his home and his father's society. That he has never returned home, though long since having left defendant's employ, lends color to this view. But, perhaps, upon these questions, there was enough testimony to carry the case to the iurv. For reasons, however, already stated, a new trial must be granted, with costs to abide the event. Motion granted.