WALKER, TRUSTEE, *v.* BROWN ET AL., DIRECTORS OF UNIVERSITY OF CINCINNATI, ET AL.

(Two cases.)

(Decided June 16, 1930.)

*Messrs. Dale & Dale, Mr. Robert M. Ochiltree* and *Mr. Oliver B. Jones,* for plaintiff in error.

*Mr. John D. Ellis,* city solicitor, and *Mr. Milton H. Schmidt,* for defendants in error.

ROSS, J. Suit was filed by the directors of the

University of Cincinnati to compel Paul F. Walker, the trustee acting under the will of Annie L. Dexter, to pay it a bequest. Carroll Dexter Walker was made a necessary party defendant as alternate legatee. He was a nephew of the testatrix.

The judgment of the court of common pleas of Hamilton county was for the plaintiff, the amended cross-petition of the trustee and nephew being dismissed, to which judgment error proceedings were filed by the trustee and nephew in this court. The cases will be considered together.

Motions to strike were filed to the original answer of the trustee and to the answer and cross-petition of the nephew, and these motions were granted in part. As amended answers and cross-petitions were filed thereafter by both parties, we will not discuss the action of the court, which as to part of the rulings at least would have constituted error, had the parties stood on their original pleadings.

The petition of the University of Cincinnati alleges that it is entitled to a bequest under the will of the decedent, provided for in the following clause:

"Eighth: I give, devise and bequeath to my nephew Dexter Walker the sum of twenty thousand dollars ($20,000) to be held for him in trust by my executor, the income therefrom to be paid him quarterly for the use and benefit of my nephew's education until he shall reach the age of twenty-one years, when said amount shall be paid over to him for his own property, provided he be willing to assume by law, the name of Charles Dexter, instead of Dexter Walker as he is now known. Should my said nephew refuse to take and bear the name of his grandfather, Charles Dexter, when he reaches the age of twenty-

one years, then this said amount of twenty thousand dollars shall be paid to the University of Cincinnati, to be known as the 'Charles Dexter Memorial Fund,' the income therefrom to be used in founding prizes or scholarships to encourage young men in the study of the English language and literature.''

The petition further alleges that Dexter Walker, known also as Carroll Dexter Walker, became twenty-one years of age July 17, 1927, and did not comply, and has not complied with, the conditions of the will to entitle him to receive the bequest, and that he did not take and bear, and has not taken, and is not bearing, and has *refused* to take and bear, the name of his grandfather Charles Dexter; and that the University has demanded payment of the bequest from the trustee, but that he has refused to pay the same to the University.

The petition prays for a mandatory injunction requiring the trustee to pay the bequest to the university, and alternate judgment against the trustee.

The amended answer of the trustee is a general denial, except for the admission of certain formal allegations of the petition. A cross-petition was filed alleging the necessity for a construction of the will and praying for same.

The answer and amended cross-petition of Carroll Dexter Walker admits the formal allegations of the petition, and alleges that the omission to assume by law, or take and bear, the name of his grandfather Charles Dexter, has not been willful on his part, but is because item 8 of the will is ambiguous and uncertain, in that it does not point out whether he should bear the name of Charles Dexter, as his whole name, or as his Christian name. It is further al-

leged that the conditions are subsequent, ambiguous, uncertain, and void, and against public policy, and that the bequest has vested, and has not been divested, nor has it vested in the university.

Two conclusions are manifest from the judgment of the trial court: First, that the court was of opinion that the will is not subject to construction, for the court dismissed both cross-petitions praying for construction; and, second, that the university proved by a preponderance of the evidence that it was entitled to the bequest. This latter conclusion requires a finding either that the estate vested in the nephew, and has been divested by proof of his refusal to comply with the stipulation, or that it was a bequest predicated upon dual contingencies or provisions, both of which have transpired to the benefit of the university. For before the university can take, it is necessary not only that the nephew shall have *failed* to express a willingness to assume the name stipulated, but that he shall have *refused* to take the name stipulated. Thus, under either interpretation of the language used, whether it be construed a vested or contingent bequest, it was necessary for the university to prove that the nephew had *refused* to take and bear the name.

It is not sufficient that the university shall have shown merely that the nephew has not yet qualified to take the bequest, but that the contingency, his refusal, has qualified it to receive the bequest.

It is urged that the bequest vested upon the death of the testatrix, subject to being divested. Reading the entire clause together we do not so construe the language of the testatrix. The clause gives the body of the estate to the trustee in trust for the

nephew until he shall reach the age of twenty-one years, when an election shall be or should have been presented to the nephew by the trustee to take or refuse the name of Charles Dexter; but which, as far as the evidence in this case shows, was not presented. His decision of this election settles the matter. If he, in good faith, is *willing* to take, assume by law, and bear the name, he receives the corpus of the estate; if he refuses for a reasonable time, *after the election is presented to him,* to express such willingness, the estate belongs to the university.

The intent of the testatrix was evidently to give her nephew the option of assuming the name of his grandfather, and, in the event he did not care to do so, then to perpetuate the name through the university. The fact that she did not use words of perpetuity leaves the time for which the nephew shall bear the name to his honor and his respect for her. Her consideration for him is further indicated in that all the clause requires is that he shall express a willingness to assume the name by law. The court should, however, construe such willingness as a *bona fide,* sincere expression of intention to assume legally the name required. We apprehend that there is not as much doubt as to the intention and requirements of the testatrix as is suggested by counsel for the nephew, and that a more candid attitude would be more in accord with the evident kindly intention expressed in the will.

The evidence fails to show either the presenting of the election to the nephew by the trustee, which could have been the subject of mandatory injunc-

tion, or a refusal of the nephew to take the name under such election.

The trial court found the language so plain and unambiguous as to require no construction. The fact that adverse constructions are presented by both contestants for the bequest, with more or less authority and logic in support of each, and that the courts considering the matter have reached divergent conclusions, in our opinion leads to the holding that the will should have been construed by the trial court, and that it was error to dismiss the cross-petition praying for construction.

The door is yet open to Carroll Dexter Walker— when the trustee performs his duty and presents an election to him. The will is silent as to how long the legatee shall bear the name. This is left to his conscience. But that he shall be willing to assume by law, take, and bear the name of Charles Dexter, alone, before he receives the fund is patent, and just as patent is it that the university must prove a refusal after the offering of an election, as indicated herein, before it can receive the bequest.

The judgment of the court of common pleas of Hamilton county will be reversed, and the cause will be remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and HAMILTON, J., concur.