SAMUEL B. KNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD F. KNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILTON KNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH KNIGHT MCINTOSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5794, 5795, 5796, 5797. Promulgated January 22, 1946.

*D. E. Melhorn, Esq.*, and *A. J. Beran, C. P. A.*, for the petitioners.
*Thomas F. Callahan, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies in income tax of the petitioners as follows:

| Petitioner | Docket No. | 1938 | 1939 | 1940 | 1941 |
|---|---|---|---|---|---|
| Samuel B. Knight | 5794 | $7,776.88 | $18,779.22 | $35,455.20 | $43,221.62 |
| Edward F. Knight | 5795 | 8,074.09 | 19,795.84 | 35,198.48 | 42,659.56 |
| Milton Knight | 5796 | 8,890.26 | 21,576.22 | 37,508.62 | 20,991.92 |
| Elizabeth Knight McIntosh | 5797 | 5,520.89 | 10,948.61 | 37,564.22 | 43,935.90 |

The parties filed a stipulation of facts, stipulated certain other facts into the record, and introduced certain exhibits. All of the foregoing are adopted as the findings of fact. There is no dispute about any material fact.

The Commissioner has held in the case of each petitioner that all of the income of a trust created by W. W. Knight, the father of the petitioner, of which the petitioner was the principal beneficiary, must be included in the petitioner's income "under the provisions of sections 22 (a) and 162 (b) of the Revenue Act of 1938 and the Internal Revenue Code."

The income tax returns involved herein were filed with the collector of internal revenue for the tenth district of Ohio, at Toledo.

W. W. Knight created five trusts on December 10, 1918. The trusts were identical except that a different one of the grantor's children was named as the principal beneficiary in each trust. Each of the petitioners herein was named as a beneficiary of one of the trusts, and their brother, W. W. Knight, Jr., who is not a petitioner, was named as the beneficiary of the other trust.

A trust company was named as trustee. Property was conveyed to each trust and the trustee was directed to manage the trust funds. It was also directed to pay its own compensation and all other expenses out of current income.

The next two paragraphs were as follows:

After making the payments aforesaid, or making provision therefor out of said income, the Trustee shall retain the increases or profits and invest the same in such securities as said Trust Company shall deem best, and said investments shall immediately thereupon become part of the Trust Property and shall be held by the Trustee the same as the Trust Property.

When the beneficiary named becomes Twenty-two (22) years of age, then, if said beneficiary shall so elect, the income from said Trust Property, including income on accretions, shall be paid to said beneficiary until said beneficiary reaches the age of Twenty-five (25) years, at which time, at the election of said beneficiary, one-half of the trust estate shall be transferred and delivered to said beneficiary. The remaining one-half of said trust estate (or all of said trust estate if said beneficiary so elects), shall remain and be held in trust and all income thereon dis-

bursed as herein provided until said beneficiary reaches the age of Thirty-five (35) years, at which time all the property held in trust at that time shall be paid or transferred to said beneficiary and the Trust terminated.

The trust instrument then provided for the disposition of the property in case the principal beneficiary died prior to the termination of the trust. Generally speaking, the property went to benefit his wife (or husband) and issue or in accordance with his last will and testament if he had a wife or child, but otherwise the property would go in equal shares to the other trusts.

The next two paragraphs were as follows:

This Trust Agreement, and all the provisions thereof, however, are subject to the following qualifications: That whenever the Trustee deems it to be for the best interest of the beneficiary to pay to said beneficiary the whole or any part of the income from the Trust Property, the said Trustee is fully and completely authorized and directed to do so.

It is the intention of the Donor to continue this Trust until the beneficiary reaches the age of Thirty-five (35) years, and at the same time to permit said beneficiary to elect to receive advances on account of income earlier as herein set out, and also to permit the Trustee to anticipate payments of income to the beneficiary as herein set out.

Milton was born on August 18, 1906, Edward on May 19, 1909, Samuel on June 19, 1912, and Elizabeth on December 16, 1915. Each had passed his or her 22d birthday prior to the beginning of the first taxable year here in question. Each, upon his or her 22d birthday, delivered to the trustee a writing electing not to receive the income from the trust from that time until he became 25 years of age, and giving the trustee irrevocable instructions to retain and accumulate that income.

Each of the petitioners, except Elizabeth, had reached his 25th birthday prior to the beginning of the first taxable year here in question. Each of the three brothers, upon his 25th birthday, delivered to the trustee a written instrument reciting that under the terms of the trust he had a right at that time to withdraw one-half of the principal of the trust and instructing the trustee to retain all of the trust property. Elizabeth became 25 years of age on December 16, 1940, but never exercised any election to receive one-half of the corpus of her trust.

None of the petitioners ever received any income or principal of the trusts except upon the termination thereof. The trustee accumulated all income of the trusts and invested all of the trust property in accordance with the provisions of the trust instruments.

W. W. Knight, Jr., who was not a petitioner herein, had written letters to the trustee on his 22d and 25th birthdays similar to those written by his brothers. He learned in 1938 that the Bureau of Internal Revenue proposed to include in his income for 1935 the income from the trust for that year, despite the fact that he had not received

any of it. He requested the trustee in 1938 to determine whether or not he had a right to receive any of the income or corpus of the trust and to pay him whatever he was entitled to receive, either of the 1935 income or the 1938 income, the latter being the current year. The trustee was in doubt as to the proper interpretation of the trust instrument and filed a suit in 1938 for the construction thereof. W. W Knight, Jr., his wife, his sister, and his three brothers, all of whom were contingent beneficiaries, were made defendants in the suit. The case was decided upon appeal to the Court of Appeals of Lucas County Ohio, the highest court to which this matter could be taken. The court held that W. W. Knight, Jr., in 1935, was not entitled to receive the income of the trust for that year or any other year; he was not entitled to receive that income in 1938, either as income or principal; he was not entitled to receive in 1938 the income for 1938; and he was not entitled to demand one-half of the trust estate in 1938.

The difference between the parties stems primarily from different interpretations of these trust instruments. The respondent contends that each petitioner had a right when he became 22 years of age to elect to receive all of the income of the trust; this right was not exhausted when each petitioner, upon arriving at the age of 22, elected not to receive the income; the right to make an election to receive the income continued throughout the remaining life of each trust; the election was not limited to the income of the trust for the three years between the beneficiary's 22d and 25th birthdays, but, on the contrary applied to all income of the trust for every year after the beneficiary became 22 years of age until the termination of the trust; and the election which each petitioner had upon reaching the age of 25 years was likewise a continuing recurring right of election and was recognized as such by the documents which the three brothers delivered to the trustee as each of them reached his 25th birthday. He argues that the income of each one of these trusts is taxable to each beneficiary under section 22 (a) because of the control which each beneficiary had over the trust during the taxable years, i. e., he could take the income or leave it in any year and he could take or leave one-half of the corpus at any time. He also argues that the income was distributable to the beneficiaries after their 22d birthdays, since they could have it by asking for it, and it was taxable to them under section 162. If his were a proper interpretation of the trust deed, there would be no doubt about the correctness of his determination and the cases which he cites would be sufficient authority for reaching that result. He gives no reason for his interpretation of the trust instrument. It is our opinion that his interpretation is incorrect in several important particulars and, consequently, his entire theory of the case is unsound and is not supported by the cases which he cites.

The petitioner contends first that the rights of these petitioners

under the trusts are to be determined under the law of Ohio, and the decision of the Ohio court represents the law of Ohio. Although the law of Ohio for determining the intent of a grantor of a trust appears to be the same as the law of other jurisdictions, and although the decision of the Ohio court did not involve any of the trust instruments for the benefit of the present petitioners, nevertheless, the question of whether or not the Tax Court is bound by that decision is of no consequence and need not be decided, because we have carefully considered the instrument and have come to our own conclusions as to the intention of the grantor expressed therein, which conclusions do not differ from those arrived at by the Ohio court in so far as the decision of the Ohio court has any possible bearing upon this case.

We have considered various possible interpretations in an effort to arrive at the one which seems most likely to have been the one which the grantor intended. This required consideration of all of the various provisions of the trust instruments. These trusts were created when the beneficiaries were minors and they were to continue until each beneficiary reached the age of 35 years. The general instruction to the trustee was to accumulate the income during all of that period, add it to the corpus, and keep it invested along with the corpus. However, there were two exceptions. The beneficiary, upon reaching the age of 22, was to have a right to elect to receive the income of the trust for the following 3 years, that is, until the beneficiary became 25 years of age. The other exception was that the trustee, at any time during the life of the trust, had a right to distribute all or any part of the income to the beneficiary whenever the trustee might deem such a distribution to be for the best interest of the beneficiary. Each beneficiary also had the right, upon reaching 25 years of age, to elect to receive one-half of the corpus of the trust.

The purpose of the father was, apparently, to give each child certain protection during his minority and until he became 35 years of age, while at the same time allowing the child opportunities on two different occasions to try his wings with a portion of this property if he so desired. First, the child could take the income for 3 years by an election to be exercised when he became 22. Then, at the end of that time, when he became 25, he could make a more important decision, that is, he could elect to take one-half of the corpus of the trust if he so desired. Yet, at all times, the trustee was in position to assist the beneficiary by advancing income if the trustee deemed it for the best interests of the beneficiary. The beneficiary had only those two opportunities to get his hands on any of the money until the termination of the trust.

The deed provides that when the beneficiary becomes 22 then, if he "shall so elect," the income from the trust shall be paid to him "until" he becomes 25. The deed does not contain any words giving

the beneficiary the right to take or demanded any income from his 25th to his 35th birthday, and the general direction to the trustee is to accumulate all income. The only specific reference to income of the period 25 to 35 is in the words "distributed as herein provided." The provision for distribution to which those words refer is the continuing authority for the trustee to distribute income at its discretion. Thus, the beneficary was given the power, if he cared to exercise it, of interrupting for 3 years the accumulation of income under the general rule of the trust. If he was to receive that income for 3 years, he had to act by expressing a choice on, or within a reasonable time after, his 22d birthday. 2 Pomeroy, Equity Jurisprudence (5th Ed., 1941), sec. 513.; *Walker* v. *Brown*, 36 O. App. 463; 173 N. E. 301. Once he expressed his choice, he had no further election. 2 Pomeroy, *supra*, sec. 516; 28 C. J. S. 1101, sec. 29; *Hopf* v. *United States Baking Co.*, 6 Misc. Rep. 158; 27 N. Y. S. 217. The words granting the election lead naturally to this conclusion. Elsewhere the grantor used appropriate words to indicate that other powers were to be exercised continuously. The trustee was required to invest income as it accumulated. It would not know whether or not to invest if the beneficiary could elect at any time to take the income. The election was to be exercised, if at all, when the beneficiary reached 22, and it applied only to income which accrued from that time forward "until" he reached 25. The grantor fixed the time of the election and limited its extent. If he had intended something else, he would have used different words. This interpretation is the only one which gives natural meaning to all parts of the deed without strain. The donor gave the trustee the discretion to distribute all of the income or any part thereof at any time during the life of the trust if he deemed such a distribution to be to the best interests of the beneficiary. Obviously, that provision would be robbed of most of its purpose of the beneficiary, of his own right, could take the income at any time merely by asking for it. Of course, the trustee's discretion would stand alone until the beneficiary became 22 years of age, but the trust instrument as a whole indicates that the intention of the donor was that this discretion of the trustee should apply during the entire life of the trust.

The above discussion as to the election at 22 also applies in part to the election at 25. We think that election was to be made when, or within a reasonable time after, the beneficiary became 25 and did not continue. All of the petitioners but Elizabeth elected not to receive one-half of the corpus when they became 25 and she made no election whatsoever. Therefore, under the cases above cited, they lost their right to receive that corpus.

Since the petitioners did not have the control over the income and one-half of the corpus during the taxable years, which the respondent contends they had, his argument that they were taxable on that income

under section 22 (a) falls. No petitioner received any income of his trust during any of these years except that Milton received all of the trust property when he became 35 years of age in 1941. They were not entitled to receive any of the income during the taxable years and none of it was paid or credited to them. This last is sufficient answer to the Commissioner's contention that the income was taxable to them under section 162. Since the respondent advances no sound reason in support of this adjustment, it is reversed.

Reviewed by the Court.

*Decision will be entered under Rule 50*