**Algernon SIMS, Appellant,**

v.

**TEXAS AND NEW ORLEANS RAILROAD COMPANY, Appellee.**

**No. 17664.**

United States Court of Appeals Fifth Circuit.

May 27, 1959.

**38**

Frank S. Bruno, New Orleans, La., for appellant.

Harry McCall, Jr., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

This appeal presents only alleged errors based on the charge of the trial court and the refusal of the court to give specific requested charges.

■ At the conclusion of the testimony and argument of counsel the court inquired: "Now Gentlemen, are there any exceptions to the charge?" To this inquiry counsel for appellee made several detailed criticisms of the charge as given. Appellant's counsel answered: "The plaintiff is satisfied with the charge." Thus, as plainly as can be done, appellant waived any error that may have occurred in either the charge as given or the refusal of requested charges. Rule 51, F.R.Civ.P., 28 U.S.C.A., provides:

"* * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

See Bish v. Employers Liability Assurance Corp., 5 Cir., 236 F.2d 62, 68 and Popejoy v. Martin, 5 Cir., 227 F.2d 199, 200.

■ Appellant asserts, however, that the failure to give the requested charges, particularly requested charge No. 3, presents plain error of which the court should take cognizance as an exception to the rule. See Dowell, Inc. v. Jowers, 5 Cir., 166 F.2d 214, 221, 2 A.L. R.2d 442. It would be impossible for the court to apply this rule even though the assertion of the legal principles contained in the requested charges were accepted by us as correct statements of the Louisiana jurisprudence (which we do not now decide), because the record before us does not contain a transcript of the evidence. We are thus unable to determine whether, even though a correct rule in the abstract, the requested charge as to the duty of the railroad where it discovers an intoxicated person on its tracks was in any way applicable to the facts in this case, because without the evidence before us we do not know whether appellant's assertion that he was struck while in a drunken stupor was substantiated by the evidence. This assertion, made in an amended complaint, was denied by defendant's answer, which alleged that appellant was actually injured while attempting to pass between two cars of defendant's train. Obviously, without the record before us, we cannot hold the trial court erred in failing to charge on the assumption that appellant was in fact struck while lying on the tracks in a drunken stupor. So, too, with reference to the other alleged errors in the charge. Since the charge must be adjusted to the facts of the particular case it is impossible to find error with respect to a particular charge unless the facts are before the court for review. See Hart v. Bowen, 5 Cir., 86 F. 877, 882.

The judgment is affirmed.