Alta WILLIAMS and her Husband Jack
Williams, Appellants,

v.

John W. HENNESSEY, as Trustee for
Penn-Dixie Lines, Inc., Appellee.

No. 20244.

United States Court of Appeals
Fifth Circuit.

Feb. 4, 1964.

H. T. Maloney, George A. Patterson, Patterson & Maloney, E. E. Jordan, Fort Lauderdale, Fla., for appellants.

Jackson L. Peters, Miami, Fla., for appellee, Knight, Smith, Underwood & Peters, Miami, Fla., of counsel.

Before BROWN and WISDOM, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This diversity action, involving a claim for damages to compensate for personal injuries received in an automobile-truck intersectional accident in North Carolina and trial in the District Court for the Southern District of Florida, resulted in a jury verdict in favor of the defendant-appellee.

The only questions appellants seek to present upon this appeal are:

(1) Whether the charge of the trial judge to the jury was misleading and prejudicial as it related to the defense of contributory negligence, and

(2) Whether it was prejudicial error for the trial judge to instruct the jury on the North Carolina law of intersections when the accident occurred at a highway junction.

The record reflects that at the close of the charge the Court gave counsel adequate opportunity to object, and except for suggestions of a minor nature no objections were made. However, in following the highly desirable practice of conducting a conference on jury instructions at the close of the evidence and before the arguments and jury charge,[1] the trial judge, during this conference, was put on notice by counsel for plaintiff-appellants that the North Carolina law concerning rights of way at intersections was objectionable. Thus the defendant-appellee's contention that

1. The Minutes of the Conference on Jury Instructions were ordered by this Court to be reproduced and made a part of the record on appeal.

the plaintiff-appellants have failed to comply with Rule 51, Federal Rules of Civil Procedure, is well taken as to appellants' point concerning the charge on contributory negligence. Rule 51, providing that "no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection" has been invoked by this Court many times in instances such as appellants' complete failure to object to the charge as it relates to contributory negligence. Seaboard Air Line Railway Company v. Horowitz, 5th Cir., 1960, 277 F.2d 738; Sims v. Texas & N. O. R. Co., 5th Cir., 1959, 267 F.2d 37; Cain v. Illinois Central R. Co., 5th Cir., 1959, 266 F.2d 942; DeFonce Construction Co. v. City of Miami, 5th Cir., 1958, 256 F.2d 425, cert. denied 358 U.S. 875, 79 S.Ct. 115, 3 L.Ed.2d 105; Ford v. United Gas Corporation, 5th Cir., 1958, 254 F.2d 817, cert. denied 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64.

■ As to appellants' contention that the trial judge's charge on the North Carolina intersectional right-of-way law was inapplicable and prejudicial, and as to defendant-appellee's countercontention that no specific objection was made to that instruction, it appears from the Minutes of the Conference on Jury Instructions that the trial judge was adequately put on notice as to plaintiff-appellants' objection. Rule 51 does not require formality in making the objection, and the form of the objection is not important as long as it is clear that the trial judge was informed as to the possible errors and was given an opportunity to correct them. Moore's Federal Practice, 2d Ed., Vol. 5, Section 51.04.

However, it is not necessary for this Court to make a firm determination in this respect, since a reading of the entire charge convinces us that there was no error in giving the charge on the North Carolina intersectional law that

substantially prejudiced the rights of the plaintiff-appellants. Nesbit v. Everette, 5th Cir., 1957, 243 F.2d 59.

The judgment of the District Court is Affirmed.