## 42867. MOON v. COMBS et al.

Bell, Presiding Judge. 1. Plaintiff brought this suit to recover for personal injuries sustained in a collision involving an automobile driven by plaintiff and a tractor-trailer truck driven by defendant Combs. The evidence showed that Combs was driving in the middle lane of Courtland Street in Atlanta, a one-way street marked for five lanes of southbound traffic, and plaintiff was driving in the adjacent lane on Combs' left. Combs switched into the lane in which plaintiff was driving and sideswiped plaintiff. There was evidence that defendant gave no signal, that plaintiff was abreast of the truck when Combs began to change lanes suddenly and without warning, and that there were other vehicles immediately to plaintiff's left and to his rear preventing him from turning or backing up to avoid the collision. However, Combs testified that his left-turn signal light had been blinking for several blocks before he changed lanes, that he observed plaintiff in the rearview mirror, that plaintiff was "easing along" and was "just behind the cab" of the tractor, that plaintiff dropped back to

two or three feet behind the rear of the trailer, and that he (Combs) then began to switch lanes, and plaintiff ran up beside the truck. In view of the latter evidence the court's charges on plaintiff's duty to avoid the consequences of defendant's negligence and on comparative negligence were authorized. The fourth enumeration is without merit.

2. The fifth enumeration contends that a portion of the court's charge on comparative negligence was erroneous in that it did not instruct the jury that the negligence referred to was such negligence as proximately caused plaintiff's injuries. At the trial plaintiff failed to make an objection on this ground as required by Sec. 17 (a) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31; *Code Ann.* § 70-207 (a)). Likewise plaintiff failed to make an objection on the ground alleged in the sixth enumeration. These enumerations present nothing for the court's consideration. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642, 647 (149 SE2d 393); *Palmer v. Stevens,* 115 Ga. App. 398 (17) (154 SE2d 803).

3. The general grounds were not argued and are treated as abandoned.

*Judgment affirmed. Pannell and Joslin, JJ., concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 30, 1967.

*Joe Salem,* for appellant.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, David A. Handley,* for appellees.