45319.  SNIDER v. WILLIAMS.

PANNELL, Judge. The question in this case, a damage action arising out of an automobile collision, is whether the evidence adduced on the trial authorized the direction of a verdict of liability against the defendant as against the contention that the evidence "clearly demonstrates that a jury question existed as to whether the plaintiff could have avoided the consequences of defendant's negligence," asserted in a special ground of the motion for new trial, the judgment overruling which is the subject matter of the appeal in the present case. No evidence was introduced by the defendant. The evidence shows without dispute that the plaintiff was driving a truck in a northerly direction on a two-lane highway, the paved portion of which was 24 feet wide and that the vehicle of the defendant driver, a Renault, traveling south and attempting to pass another vehicle going in the same direction, and was approximately 4 feet across the center line at the time of the collision with defendant's vehicle. There was uncontradicted testimony that the right front wheel of the truck was off the pavement at the time it was struck. The plaintiff testified there were two or three cars in front of him, that he was traveling at about 40 or 50 miles per hour; that the cars in front of him left the road and he drove off too; that he saw the little car coming out of the lane and headed straighh towards him and he got off the road as far as he could; that the defendant's car side-swiped him and

hit the truck at the back wheel and knocked him out of control and knocked the drive shaft loose; that he was knocked out of the seat and was unable to maneuver the truck and the drive shaft caused it to stop; that it all happened so fast he couldn't get over any further. There was no evidence whatsoever that the plaintiff failed to take prompt evasive action as soon as he discovered the defendant's negligence. While there may be evidence that the plaintiff had plenty of room on the shoulder of the road off the pavement to which he could have gone in an attempt to avoid the collision, there is no evidence whatsoever that, after discovering the defendant's negligence, he had time to get to such location before being struck. His evidence refutes such a conclusion. We accordingly hold there was no error in directing a verdict that the defendant was liable and leaving the question of damages for the jury, and in overruling the motion for new trial questioning the validity of the verdict so directed.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*
SUBMITTED MAY 5, 1970—DECIDED SEPTEMBER 8, 1970.

*Bouhan, Williams & Levy, Walter C. Hartridge, II,* for appellant.
*Downing, McAleer & Gaskin, James Edward McAleer,* for appellee.