### 45736. DAVIS v. HAMMOCK.

EBERHARDT, Judge. Plaintiff, traveling west at about twenty-five miles per hour on a through street, struck the right side of defendant's automobile which was traveling north across the intersection at about five miles per hour and had choked down in the lane provided for westbound traffic. Plaintiff testified that she had seen defendant as he came to the intersection and that he didn't stop at the stop sign, and also testified that she did not see defendant's car until immediately before the collision. Defendant testified that in obedience to the stop sign he stopped at the intersection, saw plaintiff approaching some 80 yards back and, concluding that there was ample time to cross the street before she would reach it, put the car in gear—whether first or third— let the clutch out, whereupon the car "jumped," choked down and slowly rolled out into the intersection. He tried to get the car started and move on, but before he could do so plaintiff struck him.[1] There was no other traffic near the intersection at the time.

---

[1] For a case involving a somewhat similar factual situation, see *Thompson v. Powell,* 60 Ga. App. 796 (5 SE2d 260).

Defendant submitted two requests to charge, one embodying the avoidance rule of *Code* § 105-603, and the other the comparative negligence rule of *Code* §§ 94-703 and 105-603, but the court refused to give either of them and defendant timely excepted, and, as well, excepted to the failure of the court to charge on these rules. There was a verdict for plaintiff, and from the judgment thereon defendant appeals, enumerating error upon the denial of his motion for new trial and upon the refusal of the court to give the requests to charge, and upon its failure to cover the principles of the requests in the charge given. *Held:*

1. The general grounds of the motion for new trial are without merit.

2. The evidence was conflicting as to whether defendant stopped at the entrance to the intersection, and under plaintiff's own testimony it was conflicting as to whether she saw defendant at the intersection or did not see him until after he had entered and not more than three seconds before the collision occurred. The jury could have found that she saw him enter without stopping (as she testified he did) but that she continued on in the lane of traffic where she was traveling, applying no brakes until within ten feet of defendant's choked car. It could have found that defendant stopped at the intersection and that plaintiff saw him there and should have observed that he started his car and entered the intersection before she reached it, or that having seen defendant at the intersection she did not look in that direction again and saw him no more until just before she collided with his car. It could have found that defendant stopped at the intersection, saw plaintiff approaching at what appeared to be a safe distance away, in view of her speed, and that he proceeded into the intersection but that the car choked down either from an attempted acceleration or from having been put into the wrong gear. It could have found that defendant did not stop at the intersection, but drove into it and in attempting to accelerate it on across choked it down. Plaintiff's view was unobstructed for at least 240 feet, and the jury could have found that if plaintiff had seen defendant enter the intersection, either after having stopped or without having stopped,

she could have decelerated her speed in time for avoiding the collision with defendant's car, or that if she had not seen defendant enter the intersection she should have done so, since there were no obstacles or other traffic to block her vision.

In this setting of conflicting evidence, authorizing varied and conflicting inferences, it was error to refuse to give the requested charges.

The court charged, and we think properly so, *Code Ann.* § 68-1652 (a) which provides that the driver of a vehicle shall stop at the entrance to a through highway and yield the right of way to other vehicles which have entered the intersection or which are so close thereto as to constitute an immediate hazard, "but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said highway shall yield the right-of-way to the vehicle so proceeding into or across the highway." Thus, if, as defendant contended, he had stopped before entering the intersection and then entered at a time when plaintiff's vehicle was at a safe distance back, it became plaintiff's duty to yield and to avoid a collision with him. This was a fact issue, because the evidence on the matter was in conflict.

The request on the doctrine of avoidance was correct, apt, appropriate and timely made. It was error to refuse it. *Jones v. Cloud,* 119 Ga. App. 697 (3) (168 SE2d 598); *Wright v. Concrete Co.,* 107 Ga. App. 190 (5) (129 SE2d 351); *Moon v. Combs,* 116 Ga. App. 144 (1) (156 SE2d 543). And see *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 667 (88 SE2d 6). "The fact that [defendant], at the time and place of the plaintiff's injuries, was guilty of negligence per se, [if he was], would not preclude a finding by the jury that the plaintiff failed to exercise the ordinary care required of [her] by the common law." *Tyson v. Shoemaker,* 208 Ga. 28, 32 (65 SE2d 163).

3. Likewise, the conflicting evidence from which the jury might draw inferences that both plaintiff and defendant were, in some manner and to varying degrees, negligent, brought into play as an appropriate charge the matter of comparative negligence and it was error to refuse the appropriate request which was timely and properly submitted. *Holland v. Watson,* 118 Ga.

App. 468 (2) (164 SE2d 343); *Jones v. Cloud,* 119 Ga. App. 697, 703, supra. The amount of evidence which makes such a charge appropriate, and thus renders it error to refuse a timely request, need not be great. It is sufficient if there is slight evidence from which, as here, inferences of negligence can be drawn by the jury. *Lacy v. Ferrence,* 117 Ga. App. 139, 140 (159 SE2d 479).

4. The pleadings, as well as the evidence, introduced the matters of avoidance and of comparative negligence. Plaintiff charged defendant with negligence in failing to stop, in failing to yield, and in failing to exercise ordinary care to prevent the collision. Defendant, in his answer, asserted that he did stop, that he proceeded into the intersection at a time when plaintiff was at a safe distance away but that his vehicle stalled and left him helplessly in the middle of the intersection and that plaintiff, without slowing down, applying brakes or otherwise attempting to avoid doing so, struck defendant's car on the right side. He further asserts that plaintiff's failure to apply brakes or slow down, and her failure to keep an alert watch ahead was the sole proximate cause of all of the injuries and damage of which she complains.

Prior to the adoption of the Appellate Practice Act which requires that exception be made to the charge before verdict (as was done here), it was held to be reversible error, even in the absence of a request, to fail to charge on avoidance and on comparative negligence when these issues were made both by the pleadings and the evidence. *Atlanta, Knoxville &c. R. Co. v. Gardner,* 122 Ga. 82 (49 SE 818); *Southern Cotton Oil Co. v. Caleb,* 143 Ga. 585 (85 SE 707); *Central R. v. Harris,* 76 Ga. 501. It has been held that where the issue of avoidance or of comparative negligence is not raised by the defendant's answer or plea there is no error in failing to charge on these items, absent a timely written request. *Benton Rapid Express, Inc. v. Sammons,* 63 Ga. App. 23, 30 (10 SE2d 290). But where the issues are raised and there are timely written requests it is error to refuse them. *Jones v. Cloud,* 119 Ga. App. 697 (3), supra. And see *Atlanta Coca-Cola Bottling Co. v. Burke,* 109 Ga. App. 53, 63 (134 SE2d 909).

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*
ARGUED NOVEMBER 2, 1970—DECIDED NOVEMBER 13, 1970—
REHEARING DENIED DECEMBER 1, 1970—CERT. APPLIED FOR.

Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, William B. Hardegree, for appellant.
Billy E. Moore, for appellee.