## 51442. QUEEN v. BAIR.

WEBB, Judge.

Mrs. Queen sued Bair for injuries she received as a result of an automobile collision. She sought damages in the amount of $75,000, was awarded $7,500 by the jury and appeals, enumerating as error the following: that the trial court erred (1) in charging the jury on comparative and contributory negligence; (2) in allowing the defendant to examine her witness, Dr. Wallace, in regard to the beliefs of other chiropractors; and (3) in overruling her motion for new trial.

1. Both drivers were stopped at an intersection and proceeded forward at approximately the same time. Bair admitted to crossing the center line while making a right turn and striking Mrs. Queen's automobile on her side of the road, and that she moved partially off the road to avoid him, but contended that she was using excessive speed.

"The driver of an automobile having the right of way at an intersection ordinarily has the right to assume and to act upon the assumption that drivers of cars approaching on his left will yield the right of way and exercise the ordinary care required of them. But even if the driver approaching on the left is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care in the control, speed and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent. [Cits.]" *Currey v. Claxton,* 123 Ga. App. 681, 682 (182 SE2d 136).

Questions as to whether or not alleged acts constitute negligence are peculiarly the province of the jury. *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (2) (91 SE2d 135). The charge as given embodied the principles of Code § 105-603; and since the evidence authorized a finding that Mrs. Queen failed to avoid the consequences

of the defendant's act, failure to give the charges objected to would have been error. *Davis v. Hammock,* 123 Ga. App. 33 (179 SE2d 283).

2. Mrs. Queen complains that the trial court erred in allowing her witness, Dr. Wallace, to be cross examined concerning the beliefs of other chiropractors because his testimony was irrelevant, illustrated nothing in regard to his qualifications and was elicited for the purpose of discrediting him.

Where the admissibility of evidence is doubtful the burden is on the objecting party to show wherein it is inadmissible. *Carter v. Marble Products,* 179 Ga. 122, 128 (175 SE 480); *Smith v. The Morning News,* 99 Ga. App. 547, 548 (109 SE2d 639). "Whether a physician's testimony has probative value is for the trior of the facts rather than for the witness himself. Accord *Glover v. State,* 129 Ga. 717 (9) (59 SE 816). 'Every expert derives much of his knowledge from books as well as from experience, and can give his opinion based upon the knowledge acquired from both sources.' *Central R. Co. v. Mitchell,* 63 Ga. 173, 181. Expert opinion is admissible even where in reaching his opinion the expert 'derived all his knowledge on the subject from reading medical authorities.' *Mayor &c. of Jackson v. Boone,* 93 Ga. 662 (1) (20 SE 46); *Boswell v. State,* 114 Ga. 40 (3) (39 SE 897)." *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 247 (141 SE2d 223).

Dr. Wallace was qualified as an expert chiropractor and the trial court did not err in allowing him to testify as to what his beliefs were in this field of medicine.

3. The verdict was not contrary to the law or the evidence, or against the weight of the evidence, and the trial court did not err in overruling Mrs. Queen's motion for new trial.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED NOVEMBER 3, 1975 — DECIDED NOVEMBER 19, 1975 — REHEARING DENIED DECEMBER 10, 1975.

*Kyle Yancey,* for appellant.
*Downey, Cleveland & Moore, Lynn Downey,* for appellee.