## 52758. CRIM v. GRANTHAM.

WEBB, Judge.

Shelia Grantham brought suit against Roosevelt Crim for personal injuries allegedly sustained in an automobile collision. The evidence showed without substantial dispute that the defendant, while intoxicated, was operating an automobile in the wrong direction on a four-lane highway divided by a grassy median. The trial court had provided in the pre-trial order that it would

charge, without further request from counsel, the avoidance doctrine and the comparative negligence rule. At trial, however, the court granted a directed verdict for plaintiff as to liability over defendant's insistence that there were factual issues for the jury with regard to these matters. Defendant-appellant enumerates this ruling as error, stating that if it is set aside and a new trial ordered then other enumerated trial errors need not be considered.

1. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Code Ann. § 105-603.

2. "Failure of the plaintiff to exercise ordinary care for his own safety which will bar him from recovery may consist in negligence proximately causing his injury, or negligence in failing to avoid the consequences of the defendant's negligence after it becomes known to him, or failure to exercise that degree of care generally which the ordinarily prudent person would show and which, had he been in the exercise of such care, would have revealed the defendant's negligence to him in time to avoid it even though he had no reason to anticipate that such negligence existed. Otherwise, ordinary negligence on the part of the plaintiff before the duty arises on his part to discover and avoid the negligence of the defendant will not preclude recovery, but will diminish the damages." *Wright v. The Concrete Co.,* 107 Ga. App. 190 (5) (129 SE2d 351) (1962).

3. The evidence reveals that plaintiff's automobile was traveling in the lane next to the median. The first unusual thing she noticed was that an automobile which had been beside her in the lane to her right suddenly veered off further to the right. Next out of the corner of her eye she saw that the automobile following her had driven off the highway onto the grassy median on her left. It was following this that plaintiff first saw defendant, he veering to his left and she then veering to her left, resulting in a right-front to right-front collision.

Defendant thus urges that plaintiff was inattentive

and could have avoided the collision had she exercised the care that the drivers to her immediate right and to her rear had exercised. Plaintiff, however, points to her own testimony that there was not enough room for her also to get on the median after the other car had driven there, and that she could not have gone into the lane on her right because defendant was veering in that direction.

We hold that while plaintiff's statements as to what she could or could not do may have been admissible as representing her opinion as to the facts, or as statements of her belief, it was nevertheless for the jury to say whether the opinions were correct or the beliefs reasonable. The evidence was conflicting as to the point on the highway where the collision occurred; and this conflict, together with other evidence as to the layout of the scene, presented jury questions as to whether plaintiff's vision was obstructed and as to evasive action which could have been taken at the variously-described points of impact.

"In this setting of conflicting evidence, authorizing varied and conflicting inferences, it was error to refuse to give the requested charges [on the avoidance doctrine and the comparative negligence rule]." *Davis v. Hammock,* 123 Ga. App. 33, 35 (179 SE2d 283) (1970). The trial court erred in directing a verdict for the plaintiff instead of submitting these issues to the jury under appropriate instructions as indicated in the pre-trial order. Cf. *Jones v. Cloud,* 119 Ga. App. 697, 704 (3b) (168 SE2d 598) (1969); *Davis v. Hammock,* 123 Ga. App. 33, supra; *Currey v. Claxton,* 123 Ga. App. 681 (182 SE2d 136) (1971); *Kirkland v. Moore,* 128 Ga. App. 34 (195 SE2d 667) (1973); *Queen v. Bair,* 137 Ga. App. 30 (223 SE2d 8) (1975). Compare *Snider v. Williams,* 122 Ga. App. 403 (177 SE2d 179) (1970).

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

Argued September 15, 1976 — Decided September 28, 1976.

*Page, Scrantom, Harris, McGlamry & Chapman, Max R. McGlamry, John T. Laney, III, E. G. Kimsey, Jr.,*

for appellant.
*Billy E. Moore, Edward W. Szczepanski,* for appellee.