## 54122. HOLLAND v. ENGLAND et al.

BIRDSONG, Judge.

The appellant Holland brought suit against England in England's individual capacity and as Sheriff of Hall County seeking $15,000 in compensatory and exemplary damages. Holland operates a wrecker service in Hall County. England, in his capacity as sheriff, maintains a roster of such businesses and calls those available in normal rotation to tow wrecked or abandoned cars found on the county's highways. Holland was on such list. In 1975 Holland was called to tow a county vehicle. In the sheriff's opinion, Holland charged too high a fee.

Accordingly, Holland was removed from the list. He then brought the present suit. While this suit was pending in Hall County Superior Court, Holland brought a second action in equity alleging substantially the same factual basis, but seeking an injunction restraining England from removing Holland's name from the approved list of wrecker service providers. The injunctive relief was denied and the complaint dismissed. Thereafter, England brought a motion for judgment on amended pleadings alleging res judicata. Holland answered the motion for judgment on the pleadings by asserting that after the trial court had signed the grant of judgment for England but before that judgment was filed, he, Holland, voluntarily dismissed his request for injunctive relief. The trial court, finding as a fact that counsel for Holland was aware of the signed order of judgment, granted England's motion for judgment on the pleadings. This appeal followed, enumerating as error the grant of England's motion. The appeal is based upon the enumerations that: (1) the action for injunctive relief had been voluntarily dismissed; and (2) that the doctrine of res judicata was not applicable because different issues were involved in the two actions. *Held:*

1.   The case of *Jones v. Burton,* 238 Ga. 394 (233 SE2d 367) (1977) is dispositive of the first contention. Once a judgment in a civil case has been announced, though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal.

2.   As to the second facet of appellant's enumeration, we note that he based his answer to England's motion solely upon the ground that the injunctive suit had been dismissed voluntarily. Holland argues that the appellee was not entitled to rely upon the doctrine of res judicata, for the sole reason that there had been no final adjudication of any issue between the parties. At no time did Holland question the doctrine of res judicata, apparently assuming that the voluntary dismissal obviated the need for any further argument.

Appellate courts exist for the correction of trial error, where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224) (1958). Where enumerated errors

on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762) (1971); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794) (1976); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676) (1974). The enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 6, 1977 — DECIDED SEPTEMBER 9, 1977.

*Oliver & Walters, James M. Walters,* for appellant.
*Greer, Deal, Birch, Orr & Jarrard, Tifton S. Greer, E. Wycliffe Orr,* for appellees.