## 54905. LEE v. PIERCE et al.

BIRDSONG, Judge.

W. W. Pierce and J. E. Pierce, owners of a tract of land in Clayton County, filed a complaint against adjoining landowner Bernard Lee, alleging trespass and seeking injunctive relief, actual, general, and punitive damages. The sole issues in the case involved the location of the dividing line between the litigants' property and damages. From an adverse jury verdict, Lee appeals. *Held:*

1. Appellant enumerates as error the giving, over objection, of certain jury instructions concerning adverse possession, on the grounds that the instructions were not adjusted to the evidence and were confusing to the jury. "Even if we assume that these [instructions] were not adjusted to the evidence (which we do not hold), when considered in their particular contexts and with the whole charge, it does not appear that they would have misled a competent jury. [Cits.]" *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). See *Gaines v. McCarty,* 109 Ga. App. 593, 595 (137 SE2d 70). As to appellant's efforts to expand his brief to allege errors concerning these instructions not raised at trial, we note that "[w]here enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. [Cits.]" *Holland v. England,* 143 Ga. App. 233, 234 (237 SE2d 725). These enumerations of error are without merit.

2. Appellant contends that the trial court improperly charged the jury as to the proper measure of damages for trespass to realty. " 'It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required.' [Cits.]" *Merritt v. State,* supra, p. 153. The charge given, taken as a whole, satisfied this standard, and no error is presented.

3. "Where the pleadings and the evidence make an issue as to the plaintiff's diligence and the defendant's negligence, it is error for the court to omit an instruction to the jury embodying the principle expressed in [Code

Ann. § 105-603], even in the absence of any request to do so. [Cits.]" *Ga. R. &c. Co. v. McElroy,* 36 Ga. App. 143, 144 (136 SE 85). This rule is correct, as an abstract legal principle. *Beadles v. Smith,* 106 Ga. App. 31 (7) (126 SE2d 250). However, the only evidence cited by appellant in this regard clearly illustrates appellees' diligence in minimizing damages to their property. Thus, "[i]t was not error to fail to charge the jury on comparative negligence or plaintiff's failure to avoid the consequences of defendants' negligence, as these issues were not supported by any evidence." *Earl v. Edwards,* 117 Ga. App. 559 (1, 2) (161 SE2d 438). See *Elsberry v. Lewis,* 140 Ga. App. 324 (5) (231 SE2d 789); *Snider v. Williams,* 122 Ga. App. 403, 404 (177 SE2d 179).

4. Under the "any evidence" rule adhered to by this court (*Smith v. Hornbuckle,* 140 Ga. App. 871 (232 SE2d 149)), the evidence as to damages was sufficient to authorize the verdict. *Rowland v. Gardner,* 79 Ga. App. 153, 157 (53 SE2d 198).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1977 — DECIDED JANUARY 18, 1978 — REHEARING DENIED FEBRUARY 8, 1978 —

*Watson, Brown, Foster & Murphy, John L. Watson, Jr.,* for appellant.

*Paul S. Weiner, Kemper, Baker & Boswell, Joseph R. Baker,* for appellees.