The **KROGER COMPANY**,
Plaintiff–Appellee,

v.

**ROADRUNNER TRANSPORTATION, INC.**, Defendant–Appellant.

No. 80–7222
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 12, 1981.

Murphy, Witcher & Murphy, Jack F. Witcher, John W. Kilgo, Michael L. Murphy, Bremen, Ga., for defendant–appellant.

Hansell, Post, Brandon & Dorsey, Gary W. Hatch, Philip S. Coe, Atlanta, Ga., for plaintiff–appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

In this diversity suit involving a property damage claim from a collision between two trucks in Carroll County, Georgia, the jury returned a verdict in favor of plaintiff Kroger for $16,870.00. Roadrunner appeals, arguing that the trial judge committed reversible error by not instructing the jury on the Georgia "avoidance" doctrine. Kroger argues that Roadrunner failed to object properly to the trial judge's denial of the requested charge on the avoidance doctrine, as required by Rule 51, Federal Rules of Civil Procedure. Kroger also contends that the district court's charge as a whole sufficiently instructed the jury.

The collision occurred one–half mile south of the city limits of Villa Rica, Georgia when a Kroger tractor–trailer collided with another tractor–trailer, operated by Road-

runner. Dennis Arrington, the Kroger driver, was proceeding north on Georgia Highway 61 toward its intersection with Interstate 20. As Arrington topped the crest of a hill, he saw a dark black object in the middle of the highway. Arrington slammed on his brakes but was unable to stop in time and collided with the Roadrunner truck, which was unoccupied at the time. A Roadrunner employee had been preparing to hitch up to a trailer which was parked off to the side of the road and had pulled his tractor out across the highway, just over the crest of the hill, in order to position himself to back up. The Roadrunner truck apparently stalled in that position. Before the collision, Roadrunner's driver jumped out of the cab, leaving the truck blocking the roadway.

Roadrunner's attorney submitted written requests for seven separate jury charges. In objecting to the failure of the court to instruct the jury on Georgia avoidance doctrine he stated:

> We would except, Your Honor, to the Court's failure to give defendant's request number 3, which deals with the obligation of the plaintiff once it discovers a condition at peril.

Roadrunner's requested jury instruction number 3 stated as follows:

> If the plaintiff by the exercise of ordinary care could have avoided the consequences to itself caused by the defendant's negligence, if you find that the defendant was negligent, the plaintiff is not entitled to recover. However, the plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the defendant's negligence exists, and the plaintiff knew, or in the exercise of ordinary care should have known of such negligence.

The requested avoidance doctrine jury instruction was based on section 105–603 of the Georgia Code which states:

Diligence of plaintiff. If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.

With respect to negligence on the part of Kroger's driver, the trial court charged the jury,

> Now, members of the jury, the defendant further contends in this case that the damage to the plaintiff, if any, was due to the plaintiff's own negligence and that the defendant was not responsible for the damage to the plaintiff.
>
> If you should find in this case that the plaintiff was damaged, but that plaintiff's damage was due to plaintiff's own negligence and not due to the negligence of the defendant, then there could be no recovery for the plaintiff.

■ Kroger argues that Roadrunner failed to comply with the requirements of Rule 51, Federal Rules of Civil Procedure in that its counsel stated no grounds for his objection to the trial court's failure to instruct in the language of requested instruction number 3. Rule 51 requires that the party objecting to any jury instruction must state "distinctly the matter to which he objects and the grounds of his objection." In *Delancey v. Motichek Towing Service, Inc.*, 427 F.2d 897 (5th Cir. 1970) this circuit held that the following objection complied with the requirements of Rule 51:

> "Additionally, we would like to lodge an objection to the Court's failure to instruct, or define the term 'willful misconduct.' "

427 F.2d at 900.[1] Similarly, the objection made by Roadrunner's attorney was sufficiently clear to put the judge on notice as to the alleged error in refusing to give the requested charge. Additionally, counsel for Roadrunner had previously submitted written requests with citations of authority;

---

1. Relying upon *Lumbermens Mut. Cas. Co. v. Hutchins*, 188 F.2d 214 (5th Cir. 1951) the court also ruled that another objection to certain charges referred to by number only was insufficient to meet the specificity requirement of Rule 51.

thus the judge was aware of Roadrunner's position and the possibility of error. This circuit in *Wallace v. Ener*, 521 F.2d 215, 218 (5th Cir. 1975) agreed with Professor Moore's liberal view of Rule 51:

> The Rule does not require formality, and it is not important in what form an objection is made or even that a formal objection is made at all, as long as it is clear that the trial judge understood the party's position. . . . The purpose of the Rule is to inform the trial judge of possible errors so that he may have an opportunity to correct them.

5A Moore's Federal Practice, ¶ 51.04 (1980).[2]

In *Davis v. Hammock*, 123 Ga.App. 33, 179 S.E.2d 283 (1970) a Georgia appellate court ruled that it was reversible error to refuse a request on the doctrine of avoidance when the issue is raised by the evidence and there is a timely request for the charge. The similarity between the facts in *Davis v. Hammock* and this case clearly demonstrates that the avoidance defense was raised by the evidence. In *Davis*, the plaintiff's car hit the defendant's car in an intersection. Plaintiff testified that she did not see defendant's car until immediately before the collision, but the evidence was conflicting as to whether the plaintiff saw the defendant in time to avoid the consequences. Here there is also conflicting evidence as to whether or not Kroger's driver saw the Roadrunner truck in time to avoid the consequences.

■ Under the evidence before us Georgia courts would hold that the failure to instruct on the avoidance doctrine is reversible error. *Davis v. Hammock; Queen v. Bair*, 137 Ga.App. 30, 223 S.E.2d 8 (1975). The manner of giving instructions, however, is a procedural matter which is controlled by federal decisions, not state law. *Houston v. Herring*, 562 F.2d 347 (5th Cir. 1977). Even so in reviewing Roadrunner's claim of an alleged error we evaluate the substance of the charge under the law of Georgia. *See Castilleja v. Southern Pacific Co.*, 406 F.2d 669, 670 (5th Cir. 1969);

*Boothe v. Holmes*, 399 F.2d 495, 500 (5th Cir. 1968); *Lind v. Aetna Casualty and Surety Co.*, 374 F.2d 377, 380 (5th Cir. 1967). In *Boothe v. Holmes* we explained the requirements for adequate jury charges in diversity automobile cases as follows:

> (1) If instructions properly and fully state the law applicable to a case, refusal to give specified requests or further requests is not ground for reversal; (2) where a state–created right is to be enforced, the state law must be looked to for the substance of the instructions; (3) if requested instruction in accord with party's contention is consistent with the evidence in the case, it must be granted unless the subject matter has been adequately covered in the charge; and (4) in an automobile intersectional accident case a failure to give plaintiff's requested instructions on state law relating to such an accident and instead merely giving bare–bones instructions on negligence, proximate cause, preponderance of evidence, weight of evidence, measure of damages, and unavoidable accident is reversible error requiring a new trial.

*Id.* at 500.

■ Although a party is not entitled to have the jury instructed in the particular language of his choice, *Fleming v. Michigan Mutual Liability Co.*, 363 F.2d 186 (5th Cir. 1966), it was not sufficient to only charge the jury on general negligence law; rather an instruction on the applicable state law was required. *See Boothe v. Holmes*, 399 F.2d at 500. The avoidance defense was fairly raised by the evidence. We conclude that the trial court's failure to give an appropriate instruction on that defense was error that necessitates reversal and a new trial.

REVERSED and REMANDED.

---

**2.** *Accord, Delancey v. Motichek Towing Service, Inc.*, 427 F.2d 897 (5th Cir. 1970); *Williams v. Hennessey*, 328 F.2d 490 (5th Cir. 1964). *See also* 35 ALR Fed. 727 (1977).