41285, 41291.   HUNT v. McCLARTY; and vice versa.

SUBMITTED MAY 4, 1965—DECIDED MAY 13, 1965.

*Henry A. Stewart, Sr.,* for plaintiff in error.
*Rogers, Magruder & Hoyt, Floyd B. Chaite,* contra.

Nichols, Presiding Judge. ■ "In *Georgia R. & Bkg. Co. v. Tice,* 124 Ga. 459, 461 (52 SE 916, 4 AC 200), it was held: 'When a married woman is injured by the wrongful conduct of another, two different causes of action may arise: the one in her favor for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and for expenses incurred as a consequence of the injuries to her. These causes of action are separate and distinct, and in favor of different parties.'" *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 235 (104 SE2d 208). Therefore, "The plaintiff could not recover for expenses incurred by her in consequence of the injury, unless actually paid by her . . . or that she personally undertook to pay these expenses or in any manner bound herself to do so." *Lewis v. City of Atlanta,* 77 Ga. 756 (4 ASR 108).

The plaintiff's petition alleged that she "incurred" such expenses and she testified that she contracted personally to pay the same out of her separate earnings, *Code Ann.* § 53-512. Accordingly, the trial court did not err in granting a new trial on the 3 special grounds which had excluded from the jury's consideration an item of damages which the jury was authorized to consider.

■ The defendant in error expressly abandoned the cross bill of exceptions in the event the judgment on the main bill of exceptions was affirmed. Accordingly, the cross bill of exceptions is dismissed.

*Judgment affirmed on main bill; cross bill dismissed. Eberhardt and Pannell, JJ., concur.*