### 43523. COOPER v. METROPOLITAN TRANSIT SYSTEM, INC.

FELTON, Chief Judge. 1. In the plaintiff's action for damages for the total loss of his truck in a collision with the defendant's bus, the measure of damages is the difference between the market value of the truck *immediately before* and immediately after the collision.

2. Testimony of the cost price of the truck, even if supported by a proper foundation, is insufficient data upon which to base an opinion as to the market value *immediately before the collision,* unless it is coupled properly with other evidence such as a showing of the condition of the truck both at the time of purchase and at the time its value is in issue, i. e.: immediately before the collision. *Hoard v. Wiley,* 113 Ga.,App. 328 (1, 2) (147 SE2d 782).

3. The only evidence adduced by the plaintiff to establish the market value of his truck immediately prior to the collision was as follows: The truck had been purchased "about four months" prior to the collision for a cost price of $750. Although the plaintiff had bought "five or six" vehicles in his life, he knew nothing about going out on a lot or a sidewalk and knowing the value of automobiles and did not know the worth of a 1956 Chevrolet truck which he also owned. Although he looked to see what other trucks were selling for, he testified that he did not know what they were worth, and that the way he had arrived at the worth of the truck was from the price quoted to him by the seller and which he paid.

Even assuming that the plaintiff was shown to be qualified to express his opinion as to the market value at the time of purchase, however, there was no evidence—such as the truck's year and make, condition at the time of purchase or at the time of the collision, or the use or abuse to which it had been

subjected since its purchase—from which the jury could have calculated the market value at the time immediately before the collision, a necessary element of the plaintiff's case. The court, therefore, did not err in its judgments directing a verdict in favor of the defendant and overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED MARCH 4, 1968—DECIDED MAY 9, 1968.

*Irwin, Smith, Pazol & Porter, Melvin Pazol,* for appellant.
*Hansell, Post, Brandon & Dorsey, Gary W. Hatch,* for appellee.