## 48004. KARLAN et al. v. ENLOE.

ARGUED APRIL 2, 1973 — DECIDED APRIL 25, 1973.

*Jack Paller,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Daniel M. Coursey, Jr.,* for appellee.

DEEN, Judge. ■ After the jury had retired, counsel for the defendant called to the court's attention the fact that he had failed to instruct them on comparative negligence, at which time the plaintiff's counsel commented only that he hoped the court would also make it clear that the jury was to give no undue significance to the fact that they were called back to receive this additional charge. No objection to the charge as given was made. Thus, the defendant did not object to the instruction in the trial court, and inferentially acceded to it in advance. No error is shown. *Colley v. Stump,* 119 Ga. App. 220 (2) (166 SE2d 616). We observe, however, that under the defendant's own testimony she was proceeding slowly, saw the plaintiff's automobile at or very near the intersection in ample time to stop in the traffic lane behind it and saw the bus easing into the intersection ahead of it, but she "thought it was still moving" and "thought that the plaintiff's automobile was going to hit the bus." Since these two vehicles were immediately in front of her, and since the plaintiff could not cross the intersection until the bus got out of the way, whether she hit it or not, this seems a hardly adequate explanation of why the defendant did not stop before colliding with the plaintiff. Whether on another trial the issue of comparative negligence is properly in the case will of course be a matter for the trial judge to decide at that time, but the evidence here fails to authorize a finding of an amount of negligence on the part of the plaintiff driver which would authorize any significant reduction of an award of damages to herself or her husband.

■ "When a married woman is injured by the wrongful conduct of another, two different causes of action may arise: the one in her favor for her own pain and suffering, and the other in favor of the husband for loss of his wife's services and for expenses incurred as a consequence of the injuries to her." *Hunt v. McClarty,* 111 Ga. App. 688, 690 (143 SE2d 62) quoting *Ga. R. & Bkg. Co. v. Tice,* 124 Ga. 459, 461 (52 SE 916, 4 AC 200). The action here was brought under the provisions of Code Ann. § 81A-120 permitting joinder of plaintiffs who may be severally entitled to relief for injury arising out of a single transaction. These plaintiffs sought as a family a total gross recovery of $50,000 including personal injury and property damage, pain and suffering of the wife, diminution of her earning capacity, loss of consortium to him, and out of pocket

expenses. The jury was properly instructed to bring in separate verdicts. It awarded the wife $1,500 and the husband $500.

Undisputed evidence showed that the automobile was owned by Morton Karlan and that his pecuniary loss in selling it after the wreck was $900, but there was also evidence from which the jury could have found that the loss might have been reduced to $410, so we will consider this lower figure. He paid medical bills of $764 plus physical therapy treatment of around $200; hospital bills ran to about $700; there were several hundred dollars in drugs. In addition there were special expenses for temporary replacement automobile use, for parking and transportation, and for additional help in the home made necessary by the wife's disability. The appellant contends that, in addition to others the amount of which is contested, there was uncontradicted proof of out of pocket special damages in the amount of $5,214 (considering the car loss as $410). Whether or not this is the correct figure, it is obvious that the proved special damages for which Morton Karlan sought recovery was greatly in excess of the $500 which he received. Nor can such reduction of damages be accounted for on the basis of a finding of comparative negligence by the jury, since it is less than half of what he would be entitled to in the event the defendant was negligent and such a finding would have resulted in a general verdict for the defendant. Where a verdict finding the defendant liable to the plaintiff in damages is authorized "and where, under the uncontradicted evidence the plaintiff's special damages (medical expenses, damage to his truck and loss of earnings) amounted to more than the verdict without even considering any amount for pain and suffering, the verdict was so inadequate as to require a new trial. See *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 446); *Tallent v. McKelvey,* 105 Ga. App. 660 (125 SE2d 65)." *Massey v. Stephens,* 114 Ga. App. 254 (150 SE2d 694).

■ Elements of general damage such as pain and suffering and loss of earning capacity are in the enlightened conscience of impartial jurors, and absent evidence of bias and prejudice the verdict will not be overturned by this court on the ground of inadequacy. *Redd v. Peters,* 100 Ga. App. 316 (1) (111 SE2d 132).

The judgment in favor of the plaintiff Marilyn Karlan is affirmed.

The judgment in favor of the plaintiff Morton Karlan is reversed and the case remanded for a new trial.

*Judgment affirmed in part; reversed in part. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*