51745. COX et al. v. ASSOCIATED CAB COMPANY et al.

Submitted February 4, 1976 — Decided February 16, 1976 — Rehearing denied March 8, 1976 —

*Jack Dorsey*, for appellants.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.*, for appellees.

DEEN, Presiding Judge.

1. The appellants would direct us first to the general grounds of their appeal, urging that their special damages alone and without considering pain and suffering exceed the amounts awarded by the jury and that this requires a new trial. See *Karlan v. Enloe,* 129 Ga. App. 1 (198 SE2d 331). What the appellants have forgotten is that it is not the amount of special damages which may be claimed, but rather the controlling element is the amount which is undisputed and uncontroverted. *Massey v. Stephens,* 114 Ga. App. 254 (150 SE2d 694) and cits. As for the wife's claim of rather extensive special damages, we believe the evidence was such that it was for the jury to sort out the reasonable and necessary expenses attributable to the accident from those which might have been attributable to pre-existing physical conditions. *Claridy v. Bear,* 135 Ga. App. 910 (221 SE2d 53) and cits. As to the husband, there was uncontradicted evidence that the car was damaged in the sum of $800 but the other elements of special damage must stand or fall on the jury's determination of whether his wife's condition was or was not attributable to the accident. Thus the only part of the husband's special damages which is "uncontroverted and undisputed" is the $800 property damage to the car; the jury verdict for the plaintiff-husband exceeds this figure and the *Karlan* decision is not controlling authority. We reiterate that it is the uncontroverted and undisputed elements of special damages which must be measured against the final verdict and not the total amount of special damages which are claimed.

2. The appellants cite as error the sustaining of the appellee's hearsay objection to the testimony of physicians. We have carefully considered the questions asked of the doctors and believe that the trial judge's ruling is more correct under *Paulk v. Thomas,* 115 Ga. App. 436 (3a) (154 SE2d 872) than it is erroneous under *Williams Bros. Groc. Co. v. Blanton,* 105 Ga. App. 314 (124 SE2d 479) and *Cowart Trucking Co. v. Stone,* 129 Ga. App. 327 (1) (199 SE2d 608). There was no error.

3. The appellants take issue with the judge's charge on former Code Ann. § 68-1647 (c) (repealed by Acts 1974, pp. 633, 691): "No person shall stop or suddenly decrease

the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." Naturally, what is required to warrant a charge on this Code section is *evidence* which would authorize a jury to find there was a sudden stopping or decrease in speed without the signal. See *Parrott v. Fletcher,* 113 Ga. App. 45, 46 (4) (146 SE2d 923). Was there any evidence here that the plaintiff stopped or suddenly slowed down? The plaintiff's story was that he was in the left lane of traffic stopped at a red light immediately prior to the accident, had crossed the street "going slow" because he *intended* to either stop or turn left but before he had the opportunity to signal he was struck from the rear. The plaintiff's story was, therefore, that he never stopped or decreased his speed after he left the traffic signal but that he was "going slow" as a preliminary move to either stopping or turning left. The appellee's bus driver did not contradict the appellants' story. It is true that the bus driver testified he saw no signal but he also indicated he saw *nothing* of the vehicle until it was too late to avoid the collision; the driver never offered testimony that the appellants were stopped or had suddenly decreased their speed.

The appellee's bus driver offered a guilty plea to the offense of following too closely. This is enough to establish the defendant's liability for the accident. *Atlanta Coca-Cola Bottling Co. v. Jones,* 135 Ga. App. 362 (218 SE2d 36). What we must decide is whether the defendant can limit this liability by requesting and receiving a charge on former Code Ann. § 68-1647 (c), to the effect that a plaintiff who is "going slow" must signal or be found guilty of (in this case, comparative) negligence? The appellees would have us hold that the Code section says more than it does. A signal is required only if the driver stops or suddenly decreases his speed, but not when he is "going slow." It is true that the appellant testified that he *intended* to stop or turn left; he also said he was struck before he could determine which course to take. Under Code Ann. § 68-1647 (b) the intention to turn must be made no less than 100 feet before the turn is to be negotiated. Thus if the appellant were guilty of any

negligence under the evidence it would be the failure to signal an *intent* (if less than 100 feet from the point of turning or stopping) rather than an actual stopping or slowing down; yet Code Ann. § 68-1647 (b) was not included in the charge. The charge as given gave the jury the erroneous belief that a driver who proceeds away from a traffic signal "going slow" could be found guilty of negligence per se under Code Ann. § 68-1647 (c); the true rule is that only one who stops or suddenly decreases his speed must signal. The appellant, if negligent at all under the evidence, was guilty of failing to signal his intent to turn or stop within 100 feet of his intended goal and not guilty of actually stopping or decreasing his speed without signaling.

We have considered the appellee's argument that even if the charge were erroneous it was not harmful, directing our attention to *Nathan v. Duncan*, 113 Ga. App. 630 (149 SE2d 383). That decision deals with a charge to which no exceptions were raised, whereas here the appellants strongly, and we believe correctly, excepted to the charge. The charge therefore being erroneous and harmful, we reverse and order a new trial.

4. The remaining enumerations of error have been considered and are found to be without merit.

*Judgment reversed. Quillian and Webb, JJ., concur.*