66210. YOUNG v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

CARLEY, Judge.

Appellant-plaintiff filed suit to recover for personal injury and property damage allegedly resulting from a collision between her vehicle and a truck owned by appellee-defendant Southern Bell which was operated by appellee-defendant Dempsey. The case was tried before a jury and a verdict in the amount of $4,000 was returned for appellant. Appellant's motion for new trial was denied and she appeals from the entry of judgment on the verdict.

1. Appellant asserts that the verdict was inadequate and relies upon the following holding in *Karlan v. Enloe,* 129 Ga. App. 1, 4 (198 SE2d 331) (1973): "Where a verdict finding the defendant liable to the plaintiff in damages is authorized 'and where, under the uncontradicted evidence the plaintiff's special damages (medical expenses, damage to his truck and loss of earnings) amount to more than the verdict without even considering any amount for pain and suffering, the verdict [is] so inadequate as to require a new trial. [Cits.]' [Cit.]"

Our review of the evidence adduced at the trial of the instant case demonstrates that appellant's reliance upon *Karlan v. Enloe,* supra, is misplaced. Here, as in *Cox v. Associated Cab Co.,* 138 Ga. App. 1 (225 SE2d 451) (1976), the evidence of record regarding appellant's claim for special damages was not undisputed and

uncontroverted. "[W]e believe the evidence was such that it was for the jury to sort out the reasonable and necessary expenses attributable to the accident from those which might have been attributable to pre-existing . . . conditions . . . We reiterate that it is the uncontroverted and undisputed elements of special damages which must be measured against the final verdict and not the total amount of special damages which are claimed." *Cox v. Associated Cab Co.,* supra at 2 (1).

Moreover, contrary to appellant's assertions on appeal, the evidence was such as to authorize a charge on the principles of comparative negligence. See generally *Powers v. Pate,* 107 Ga. App. 25, 27 (1) (129 SE2d 193) (1962); *Davis v. Hammock,* 123 Ga. App. 33, 35 (3) (179 SE2d 283) (1970); *Southern States, Inc. v. Thomason,* 128 Ga. App. 667, 670 (197 SE2d 429) (1973); *Queen v. Bair,* 137 Ga. App. 30 (1) (223 SE2d 8) (1975). "When the rule concerning comparative negligence is involved in a case, the verdict of the jury cannot be set aside on the ground that the amount of the damages awarded is inadequate ([cits.]) . . ." *Powers v. Pate,* supra at 27.

2. Appellant also enumerates as error the trial court's failure to grant her motion for mistrial. However, this enumeration has not been supported in the brief by citation of authority or argument and, accordingly, it must be deemed abandoned pursuant to this Court's Rule 15 (c)(2). See generally *Trowell v. Weston,* 154 Ga. App. 572, 573 (2) (269 SE2d 74) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 19, 1983.

*John M. Strain,* for appellant.
*James P. Orr,* for appellees.