## 67935. McCLURE v. GEORGIA POWER COMPANY.

McMURRAY, Chief Judge.

This case involves an automobile-truck collision with reference to the issues of liability and damages being contested and submitted to the jury for its determination.

Corine McClure brought this action against the Georgia Power Company arising out of a collision of her motor vehicle and that of defendant's truck, both proceeding in an easterly direction on Martin Luther King Drive (a four-lane street) inside the City of Atlanta, Fulton County, Georgia. The vehicle of the defendant was operated by an employee, agent and servant acting within the scope and course of his employment and in the furtherance of and in the interest of the business of the defendant. The collision occurred when the defendant's vehicle attempted to change from the left lane to the right lane going east on Martin Luther King Drive. Plaintiff contends that defendant's employee, agent and servant negligently and carelessly drove into the left side of plaintiff's vehicle thereby causing her great pain and suffering in which she sustained severe permanent and painful injuries, causing her permanent and partial disabilities and because of said negligence she incurred medical expenses and will continue to incur medical expenses in the future. She sought damages for the negligence of the defendant, the sole proximate cause of her injuries.

The defendant answered, in substance, admitting jurisdiction and the above facts in reference to the collision but otherwise denied the defendant's claim and contends that its driver was confronted with a sudden emergency and that it acted with reasonable care and the plaintiff's alleged injuries resulted from a legal accident for which the defendant is not liable.

The case proceeded to trial in which a verdict was returned in favor of the plaintiff in the amount of $25,000, which became the judgment of the court. Thereafter, the plaintiff filed a motion for new trial based upon the general grounds, later amended setting forth special grounds that the evidence disclosed absolute liability on the part of the defendant and the trial court erred in denying plaintiff's motion for directed verdict. Plaintiff further contends the trial court also erred in charging the jury over proper objection on the law as to contributory and comparative negligence, the same being unauthorized by the evidence; and, in charging over objection on the law as to the last clear chance doctrine and as to the legal theory of accident, both being unauthorized by the evidence. Further, the trial court allegedly erred in failing to instruct the jury to disregard improper evidence submitted by the defendant as to the prior driving record of defendant's agent. The motion for new trial, as amended, was denied after a hearing, and the plaintiff appeals. *Held*:

1. At the completion of the trial the trial court charged the jury that there was a stipulation in the case that the plaintiff had no-fault insurance on the automobile providing for medical expenses up to $25,000. The court further charged that in the event the jury believed plaintiff was injured as she alleges and is entitled to recover hospital, medical and doctor expenses connected with her injury, these are legitimate items for which damages may be awarded. If the jury should find in her favor on this point the jury would award her such damages for such medical services as the evidence shows with reasonable certainty and which are reasonable and necessary, "but only to the extent that you find . . . that such medical expenses exceed $25,000.00," that is, she was not entitled to recover for the medical expenses from this defendant up to the amount of $25,000. The trial court also instructed the jury that the plaintiff contends she is entitled to recover damages for pain and suffering, denied by the defendant, and fully instructed the jury as to how it should measure the amount of damages for pain and suffering. Plaintiff contends first in her enumerations of error that despite uncontradicted testimony of absolute liability on the part of the defendant the trial court erred in failing to direct the verdict as to liability in favor of the plaintiff, the same being confusing and misleading resulting in an inadequate verdict for the plaintiff. As the trial court stated in its order denying the motion for new trial, as amended, a jury verdict in favor of the plaintiff renders any error harmless, citing *Ramsey Brick Sales Co. v. Outlaw*, 152 Ga. App. 37, 39 (4) (262 SE2d 227). Plaintiff contends that the case of *Johnson v. McAfee*, 151 Ga. App. 774, 776 (261 SE2d 708), is controlling and the evidence here demanded a finding of liability in her favor. However, the parties differ as to the cause of the collision. Defendant's driver contends that he was changing lanes and was prepar-

ing to enter plaintiff's lane when the plaintiff came up from the rear in her automobile in his blind spot, so to speak, that he was proceeding slowly prior to the collision, his right turn signal was on, he checked his rear view mirror before changing lanes and did not see any vehicles approaching from the rear, nor did he pass any cars but that cars had been passing him and he first observed the plaintiff's automobile when it came in front of his truck at the time of collision. Defendant also produced expert testimony with reference to how the collision occurred, that is, that the plaintiff's vehicle was passing the defendant's truck on the right side at a rate of speed substantially faster than defendant's truck and that under the circumstances, plaintiff was approaching defendant's truck from the inside lane from the rear, ignored the truck's right turn signal and attempted to pass the truck on the right at a speed in a manner unsafe for the conditions. This testimony was in direct conflict with the plaintiff's testimony as to how the collision occurred. But, in any event, based upon *Ramsey Brick Sales Co. v. Outlaw*, 152 Ga. App. 37, 39 (4), supra, the jury's verdict in favor of the plaintiff rendered harmless any error allegedly committed by the trial court in denying plaintiff's motion for directed verdict on the issue of liability. See also *Southern Concrete Prods. Co. v. Martin*, 126 Ga. App. 534 (1), 537 (191 SE2d 314). We find no merit in this complaint.

2. Based upon the evidence here the trial court did not err in charging the jury over objection the law as to contributory and comparative negligence, the same being authorized by the evidence with reference to the negligence and diligence of the parties. Where there is a conflict as here, these are peculiarly matters for jury determination. See *Atlantic Ice &c. Corp. v. Newlin*, 56 Ga. App. 428 (1), 430 (192 SE 915); *Wakefield v. A. R. Winter Co., Inc.*, 121 Ga. App. 259, 260 (174 SE2d 178); *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25). We find no merit in this complaint as the evidence authorized the court here to instruct the jury with relation to these issues. See *Carter v. Central of Ga. R. Co.*, 149 Ga. App. 867 (256 SE2d 149); *Smith v. Lott*, 246 Ga. 366, 367 (271 SE2d 463).

3. Plaintiff next contends that the trial court erred in charging the jury over proper objection on the law as to the legal theory of accident, as well as the last clear chance doctrine. The argument plaintiff makes is that the cumulative effect of these improper charges, in addition to improperly charging as to the theory of contributory negligence and comparative negligence, as well as the initial failure to direct a verdict as to liability, all resulted in an inadequate verdict in light of the evidence as to damages in this case. We disagree. First of all, we do not find the cumulative effect argument to be meritorious. However, the last clear chance doctrine was not authorized by the issues here with reference to the testimony as to whose

negligence caused the collision and who had the last opportunity to avoid same. See in this connection *Conner v. Mangum*, 132 Ga. App. 100, 106 (6) (207 SE2d 604); *Steiner v. Melvin*, 143 Ga. App. 97, 99 (3) (237 SE2d 635); *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 670 (88 SE2d 6); *Shuman v. Mashburn*, 137 Ga. App. 231, 235-237 (223 SE2d 268).

As to the question of legal accident, that is, as to whether the collision resulted from a sudden emergency or resulted from the negligence of someone or both parties in this instance, this issue is controlled by the recent case of *Chadwick v. Miller*, 169 Ga. App. 338, 339-344 (312 SE2d 835), overruling certain cases such as *Elder v. MARTA*, 160 Ga. App. 78 (286 SE2d 315); *Garrett v. Brannen*, 164 Ga. App. 10 (296 SE2d 205); *Palmore v. Stapleton*, 157 Ga. App. 691, 692 (278 SE2d 476); *Baggett v. Jackson*, 79 Ga. App. 460, 463 (54 SE2d 146); *Boatright v. Sosebee*, 108 Ga. App. 19, 21 (132 SE2d 155); *Lynch v. Broom*, 158 Ga. App. 52, 53 (279 SE2d 302); *Eddleman v. Askew*, 50 Ga. App. 540, 542 (8) (179 SE 247). Clearly, the sudden emergency doctrine has been separated from that of legal accident which involves the absence of negligence for which no one would be liable. See in this connection *Gilbert v. Parks*, 140 Ga. App. 550, 551 (4) (231 SE2d 391); *Morrow v. Southeastern Stages, Inc.*, 68 Ga. App. 142 (1), 147 (22 SE2d 336). Under the circumstances here the charge on legal accident was improper. See *Guthrie v. Boose*, 134 Ga. App. 282, 286 (213 SE2d 924). However, the jury did not determine there was a legal accident but found for the plaintiff as to liability and as to damages, and we do not agree to the argument here made that the plaintiff had absolutely no opportunity to avoid the consequences of the defendant's negligence and the charge tended to mislead and confuse the jury thereby resulting in an inadequate verdict. Under the circumstances here the error was harmless. See in this connection *Bell v. Camp*, 109 Ga. App. 221, 222-224 (2) (135 SE2d 914); *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 152 Ga. App. 259, 267 (5) (262 SE2d 554); *Belluso v. Sunnyland Foods*, 142 Ga. App. 7, 8 (2) (234 SE2d 821). We find no merit in this complaint.

4. During the trial defendant offered testimony with reference to the prior driving history of the defendant's driver. An objection was raised by the court, not by the plaintiff, and, with the jury absent, counsel was admonished with reference to the offer of this testimony. However, no request was made by the plaintiff's counsel that the court in any way admonish counsel or give a corrective charge to the jury when it returned. Presumably counsel for plaintiff had a tactical reason for not making an objection and for not seeking instruction by the court. As there was no complaint at trial plaintiff cannot be heard to complain of error at this time. See *Durrence v. Durrence*, 224 Ga. 620, 625 (4) (163 SE2d 740); *Bolden v. State*, 150 Ga. App. 298 (3)

(257 SE2d 367). We find no merit in this complaint.

5. In conclusion, plaintiff argues the sum and substance of all complained errors and contends that even though the verdict was rendered in favor of the plaintiff, the same was so highly inadequate that it shows on its face the obvious confusion under which the jury labored. We do not agree. As shown above, the trial court either did not commit error or if there was error it was harmless, and the evidence before the court was sufficient for the verdict rendered in favor of the plaintiff. The award of the jury was for its determination based upon the evidence submitted. See *Karlan v. Enloe,* 129 Ga. App. 1, 4 (3) (198 SE2d 331); *Young v. Southern Bell Telephone &c. Co.,* 168 Ga. App. 40, 41 (308 SE2d 49); *Bell v. Camp,* 109 Ga. App. 221, 224 (4), supra. We find no merit in this complaint.

*Judgment affirmed.. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984.

E. Lamar Gammage, Jr., for appellant.
A. Terry Sorrells, for appellee.