70499. SMITH et al. v. DOE.
(337 SE2d 367)

McMURRAY, Presiding Judge.

This is an action for benefits under the uninsured motorist provisions of a motor vehicle insurance policy. Plaintiffs were injured when the vehicle in which they were traveling crashed following evasive maneuvers to avoid a collision with another vehicle driven by an unknown individual. Plaintiffs appeal following a verdict and judgment in their favor contending, among other enumerations, that the verdict is grossly inadequate and contrary to law and the evidence as to each plaintiff. *Held*:

1. "[I]t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance. [Cits.]" *Maloy v. Dixon*, 127 Ga. App. 151, 155 (2b) (193 SE2d 19). *Ammons v. Six Flags Over Ga.*, 172 Ga. App. 210 (1) (323 SE2d 2). Nor is it ground for reversal that the trial court sent the pleadings out with the jury following proper instructions in regard thereto. *Atlanta Transit System v. Smith*, 141 Ga. App. 87, 89 (3) (232 SE2d 580). Plaintiffs' first two enumerations of error are without merit.

2. "Where a verdict finding the defendant liable to the plaintiff in damages is authorized 'and where, under the uncontradicted evidence the plaintiff's special damages (medical expenses, . . . and loss of earnings) amounted to more than the verdict without even considering any amount for pain and suffering, the verdict was so inadequate as to require a new trial. [Cits.]' *Massey v. Stephens*, 114 Ga. App. 254 (150 SE2d 694)." *Karlan v. Enloe*, 129 Ga. App. 1, 4 (2) (198 SE2d 331). Both plaintiffs presented evidence of special damages in excess of the respective verdicts in their favor.

Plaintiff Smith's evidence of special damages included lost wages from the date of injury (July 29, 1983) to the date of trial (May 2,

1984), or in excess of nine months. (Plaintiff Smith testified that he had not returned to work since his injury.) However, this evidence was contradicted in part by the testimony of plaintiff Smith's physician that on October 6, 1983 (just over two months following the injury), plaintiff Smith had reached maximum improvement, had no disability to work and was released to return to work. When the contradicted special damages are subtracted from the total special damages under plaintiffs' evidence, the remainder is less than the verdict returned in favor of plaintiff Smith. Under these circumstances the rule stated above from *Karlan v. Enloe*, 129 Ga. App. 1, 4 (2), supra, is inapplicable. *Young v. Southern Bell Tel. &c. Co.*, 168 Ga. App. 40 (1) (308 SE2d 49). We affirm as to plaintiff Smith.

Plaintiff Robinson's uncontradicted evidence of special damages shows medical expenses of $4,123, while the verdict returned in his favor was only $4,000. Under the rule stated in *Karlan v. Enloe*, 129 Ga. App. 1, 4 (2), supra, we must reverse as to plaintiff Robinson.

3. At trial the parties stipulated that the amount of any verdict would be reduced by the amount of personal injury protection (PIP) payments received by plaintiffs. It was stipulated that the amount of PIP payments previously paid to plaintiff Smith was in excess of the basic $5,000 and that the amount of PIP payments previously paid to plaintiff Robinson was $4,119.04. Pursuant to this stipulation the verdict of $10,000 in favor of plaintiff Smith was reduced to a judgment of $5,000, and the verdict of $4,000 in favor of plaintiff Robinson was reduced to a judgment of zero.

Plaintiffs now enumerate as error the reduced judgments contending, "we now feel that there was no jurisdiction or authority for the Court to reduce the verdict . . ." This enumeration of error is without merit. Generally, "the insured would not be legally entitled to recover amounts beyond his actual damages no matter how many policies he was the beneficiary of." *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710, 714 (177 SE2d 257). OCGA § 33-34-9 (b) provides a means of preventing a double recovery. See in this regard *McDaniel v. Gysel*, 155 Ga. App. 111, 112 (5) (270 SE2d 469); *State Farm Mut. Auto. Ins. Co. v. Chastain*, 167 Ga. App. 822 (1) (307 SE2d 717); *Levine v. Wyatt*, 160 Ga. App. 632 (287 SE2d 649). The purpose of uninsured motorist insurance is to afford the public generally with the same protection it would have had if the uninsured motorist had carried the insurance limits of public liability coverage. *Wages v. State Farm Mut. Auto. Ins. Co.*, 132 Ga. App. 79 (208 SE2d 1); *Smith v. Commercial Union Assur. Co.*, 246 Ga. 50, 51 (268 SE2d 632).

*Judgment affirmed in part and reversed in part. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 10, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 — ▮

*L. B. Kent*, for appellants.
*Charles W. Byrd*, for appellee.