72273. UNION CAMP CORPORATION v. GUINN et al.
(349 SE2d 221)

McMURRAY, Presiding Judge.

Plaintiff Union Camp Corporation brought suit against defendants L. C. Guinn and Wilbur Crews in the Superior Court of Charlton County seeking damages for conversion of timber. In its complaint, plaintiff alleged that in December 1981 defendant Guinn "trespassed on lands owned by plaintiff in Charlton and Brantley counties and cut and removed therefrom timber belonging to plaintiff in the value of $4,987.71 for which plaintiff has not been paid nor received any benefit." The liability of defendant Crews was predicated on the allegation that at the time in question "L. C. Guinn was cutting timber on lands in Charlton and Brantley counties owned by Mr. Wilbur Crews for Mr. Crews' benefit."

Defendant Crews answered the complaint and denied any liability. In his answer, defendant Guinn also denied liability. He admitted that he did cut and remove timber in the area at the behest of defendant Crews; but he neither admitted nor denied that plaintiff was the owner of the property upon which the timber was cut. Via cross-

claim, defendant Guinn sought damages against defendant Crews for the amount of any recovery which plaintiff may have against him.

The case was tried by a jury and a verdict was rendered in favor of defendants and against plaintiff. Plaintiff moved for a new trial. Its motion was denied and this appeal followed. *Held*:

1. In its first enumeration of error, plaintiff asserts the evidence was insufficient to support the verdict. In this regard, plaintiff argues that the evidence demanded a finding that defendant Guinn cut the timber on plaintiff's land. We disagree.

The timber was cut on property which bordered the lands of plaintiff and defendant Crews. There was evidence tending to demonstrate that plaintiff owned the land on which the timber was cut; but it was not hard and fast evidence. No witness was able to establish the boundary line based upon his own personal knowledge. Plaintiff's own employees could not state precisely how many, if any, trees were cut by defendant Guinn on plaintiff's property. (The count of the number of cut trees was made even more complicated by the fact that a third person previously felled a number of trees in the disputed area.) Thus, the jury was authorized to conclude that plaintiff failed to prove that it was the owner of the land upon which the trees were cut. See OCGA § 24-4-1; *Courson v. Pearson*, 132 Ga. 698 (2) (64 SE 997). Plaintiff's first enumeration of error is without merit.

2. Since the jury found no liability on the part of defendants, any error pertaining to the issue of damages must be deemed harmless. *Brand v. Montega Corp.*, 233 Ga. 32 (3) (209 SE2d 581). Thus, we need not consider whether the trial court erroneously failed to instruct the jury concerning the proper measure of damages in a timber cutting case. See OCGA § 51-12-50. Likewise, we need not consider whether the trial court erred by failing to charge the jury that upon proof of title in plaintiff, the burden was upon defendants to show that they were innocent trespassers acting in good faith. See *West Lumber Co. v. Castleberry*, 76 Ga. App. 9, 14 (45 SE2d 67). Plaintiff's second and third enumerations of error are meritless.

3. In its final enumeration of error, plaintiff asserts the trial court erred in failing to give various requests to charge. These charges pertained to three areas of law: agency, negligence and trespass.

With regard to the law of agency and negligence plaintiff contends the trial court should have charged the jury that defendant Crews was liable for the negligent acts of defendant Guinn pursuant to the doctrine of respondeat superior. Even assuming defendant Guinn was the servant of defendant Crews and that he (defendant Guinn) acted negligently, in view of the jury's verdict it cannot be said that the refusal to charge the law of agency and negligence was harmful error. See *Brand v. Montega Corp.*, 233 Ga. 32, 34 (3), supra; *Guthrie v. Pilgrim Realty Co.*, 156 Ga. App. 692, 694 (5) (275 SE2d

686).

With regard to the law of trespass, plaintiff contends the trial court erred in failing to charge the jury as follows: "Members of the jury, I charge you that under Georgia law the word 'trespass' comprehends any misfeasance, transgression, or offense which damages another's health, reputation or property . . . I charge you that a wilful trespasser can be defined in general terms as one who knows that he is wrong, while an innocent trespasser is one who believes he is right . . . I charge you that a wilful trespass may be characterized as a wanton trespass and as one made in bad faith." We find no error in the refusal to give these charges.

In the first place, this action is based upon an alleged conversion of timber. See OCGA § 51-12-50. Thus, the requested instructions were unnecessary in view of the trial court's charge that defendants would be liable to plaintiff if it was shown that they cut and removed the timber from plaintiff's land. In the second place, to the extent the requested charges go to the issue of bad faith (and hence, damages) the failure to give these requests must be deemed harmless in light of the jury's finding of no liability.

Plaintiff's final enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1986 —
REHEARING DENIED SEPTEMBER 23, 1986.

*E. Kontz Bennett, Jr.,* for appellant.
*John R. Thigpen, Sr., Earl Daniel Smith, Jr.,* for appellees.