75405. PALMER et al. v. FARMER et al.
(362 SE2d 453)

BANKE, Presiding Judge.

This is an action by Tammy Bice Palmer and her father, Aaron Bice, to recover for injuries allegedly sustained by Tammy while she was riding as a passenger in the back seat of an automobile owned by Howard W. Farmer and being operated by his minor son, Michael Wayne Farmer. The complaint sought recovery for the medical expenses and for pain and suffering allegedly sustained by Tammy, as well as for the loss of her services allegedly experienced by her father. Howard W. Farmer was named as the sole defendant, both in his individual capacity and as next friend of his minor son. The case was tried before a jury, which awarded Tammy $1,200 for her medical expenses but awarded nothing for pain and suffering or for loss of services. This appeal is from the denial of the plaintiffs' subsequent motion for new trial.

The collsion occurred at the intersection of a two-lane county road and a four-lane highway. Michael Wayne Farmer was headed west on the county road and was required both to stop at a stop sign and to yield to traffic on the four-lane highway prior to proceeding into the intersection. Farmer testified that he complied with his obligations in this regard and that he observed no approaching traffic on the highway before entering the intersection. His testimony to this effect was corroborated by that of a passenger who had been riding beside him in the front seat of the car. However, it was shown that when Farmer proceeded across the intersection, his vehicle nevertheless collided with a vehicle traveling north on the highway. *Held*:

1. The plaintiffs enumerate as error the denial of their motion for directed verdict on the issue of liability. "Issues of negligence . . . are generally for the jury, and a court should not decide them except in plain and indisputable cases. [Cits.] 'Even where there is no dispute as to the facts, it is . . . usually for the jury to say whether the conduct in question met the standard of the reasonable man.' [Cit.]" *Collins v. McGlamory*, 152 Ga. App. 114 (262 SE2d 262) (1979). We conclude that the evidence in this case did not establish as a matter of law that the collision occurred as the proximate result of negligence on the part of Michael Farmer. Moreover, in view of the jury's ultimate verdict in the case imposing liability on the defendant, any error committed by the court in failing to direct a verdict in favor of the plaintiffs on the issue of liability must be deemed harmless. See generally *Union Camp Corp. v. Guinn*, 180 Ga. App. 391 (2) (349 SE2d 221) (1986).

2. The plaintiffs assert that the jury's award of only $1,200 for medical expenses was inadequate because the parties had stipulated that the total amount of medical expenses incurred by Tammy subse-

quent to the collision was $1,498.05. While the parties did stipulate to the total amount of medical expenses incurred, there was no stipulation that all of these expenses were incurred as a result of the accident. Rather, this was a contested issue in the case. The evidence demonstrated that prior to the collision the injured plaintiff had been receiving medical treatment for a pre-existing condition which was characterized by symptoms similar to those allegedly caused by the collision.

It is well settled that " '[a] verdict for less than the amount of the plaintiff's proved medical expenses is not so inadequate as to require a new trial where there was testimony showing that the plaintiff's complaints were at least partially related to her physical condition prior to the collision.' [Cits.]" *Trowell v. Weston*, 154 Ga. App. 572, 573 (269 SE2d 74) (1980). Compare *Smith v. Doe*, 176 Ga. App. 711 (337 SE2d 367) (1985). Accordingly, this enumeration of error is without merit.

3. The plaintiffs contend that the jury's failure to award any amount for pain and suffering was the result of gross mistake. When Tammy was examined in the hospital emergency room immediately following the accident, the treating physicians noted some bruises on her forehead and nose, a "slight" brain concussion and hematoma of the scalp, and a "minimal non-displaced fracture" of the facial bones. Additionally, Tammy complained of subsequent headaches and an inability to concentrate on her school work; however, the evidence demonstrated that she had been troubled by similar symptoms for several years prior to the accident.

"The amount of damages returned by the jury in . . . a verdict, for pain and suffering, sustained because of alleged negligence, [is] governed by no other standard than the enlightened conscience of impartial jurors. . . ." *Brown v. Garcia*, 154 Ga. App. 837, 838 (270 SE2d 63) (1980). Under the circumstances, we do not find that the jury's failure to award any amount for pain and suffering can be considered the result of "gross mistake." We accordingly conclude that this enumeration of error is meritless.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 23, 1987 —
REHEARING DENIED NOVEMBER 4, 1987.

*James T. Bennett, Jr.,* for appellants.
*Robert M. Clyatt, Willie Linahan,* for appellees.