A90A2162. WILLIAMS et al. v. OPRICIU.
(402 SE2d 744)

SOGNIER, Chief Judge.

Donna and Wayne Williams brought suit in Chatham County Superior Court against Mircea Opriciu and the Hertz Corporation to recover damages allegedly incurred as a result of a collision between Ms. Williams' car and an automobile rented from Hertz and driven by Opriciu. The jury rendered verdicts in favor of the plaintiffs against Opriciu, but awarded only $823.31 to Ms. Williams and nothing to Mr. Williams on his loss of consortium claim. The Williamses appeal from the denial of their motion for new trial. This court has jurisdiction because Mr. Williams was authorized to file a direct appeal, *Boatner v. Kandul*, 180 Ga. App. 234 (2) (348 SE2d 753) (1986), and thus the judgment for Ms. Williams is reviewable on direct appeal pursuant to OCGA § 5-6-34 (d).

1. Appellants contend the verdict for Ms. Williams was inadequate as a matter of law because her undisputed medical expenses and lost wages exceeded the amount of the verdict. The evidence adduced at trial established that she suffered from cerebral palsy and had balance problems and scoliosis as a result. The collision at issue occurred on November 13, 1986. Ms. Williams was treated at a hospital and released that day, incurring expenses of $216, and was absent from work two days in November and once in December, which she valued at $405.76. She consulted her general practitioner and another

physician in November because of pain associated with the accident. (The record references to the amounts charged for those services were not given to us by either party and we are unable to locate them in the record.)

Two physicians testified they treated Ms. Williams in mid-1987 for balance and gait problems. Dr. Nettles testified that he attributed these problems to her chronic cerebral palsy; and that she did not mention back or neck pain or headaches. Dr. Bodziner conducted an MRI scan because Ms. Williams said her balance and gait problems were aggravated by the accident, but he concluded from the absence of any abnormalities in the spinal cord that the problems stemmed from cerebral palsy. Additionally, he treated her for headaches, which he attributed to whiplash, but he also opined the headaches were stress related because Ms. Williams telephoned him in late 1987 to inform him that she had experienced significantly fewer headaches since making a job change. He stated the headaches she described to him were inconsistent with temporomandibular joint (TMJ) dysfunction.

Two other doctors treated Ms. Williams in 1988 and 1989 for neck and back pain and headaches. Dr. McGinnis, a pain and rehabilitation specialist, concluded from her medical history that she was suffering from muscle inflammation resulting from the collision. Dr. Brancato, an orthodontist, concluded from his examination of her in May 1989 that Ms. Williams' headaches resulted from TMJ dysfunction, which he testified could be caused by whiplash or similar injury, disease, or arthritis, and which he concluded from her medical history stemmed from the collision. His treatment resulted in marked improvement. Ms. Williams testified that 26 days of work absences between 1987 and 1989 were attributable to injuries suffered in the collision and the additional treatment she received as a result.

" 'Where a verdict finding the defendant liable to the plaintiff in damages is authorized "and where, under the uncontradicted evidence the plaintiff's special damages . . . amounted to more than the verdict without even considering any amount for pain and suffering, the verdict was so inadequate as to require a new trial. (Cits.)" [Cit.]' [Cit.]" *Smith v. Doe*, 176 Ga. App. 711 (2) (337 SE2d 367) (1985). Construed to support the jury's verdict, the evidence concerning the proximate cause of the treatments Ms. Williams received and the days she missed from work in 1987-1989 was controverted and disputed. See *Young v. Southern Bell &c. Co.*, 168 Ga. App. 40-41 (1) (308 SE2d 49) (1983). When the disputed special damages are subtracted from the total amount of special damages claimed, the remainder does not exceed the jury's verdict. See *Smith*, supra at 711-712 (2). Accordingly, we affirm the denial of the motion for new trial. See id.; see also *Young*, supra.

2. Appellants next enumerate as error the trial court's refusal to allow certain testimony by Mr. Williams in response to appellee's opening statement, which they contend was prejudicial. During her opening remarks, defense counsel explained to the jury that appellee was a merchant mariner and was not a United States citizen. She explained that she had never met him because he was always at sea and had not returned to Savannah since the incident, and that she assumed he was not at the trial because he had not received notice that it was scheduled. Appellants interposed no objection to these statements. After trial testimony began, appellants' counsel requested in a bench conference that he be allowed to present Mr. Williams' testimony concerning appellants' efforts to "let [appellee] know about this lawsuit and to get him involved in it." The trial court denied this request on the ground that the information was not relevant.

We fail to see how defense counsel's explanation of the reasons for her client's apparent waiver of his right to be present at trial could be prejudicial to appellants. Since appellee's absence was not relevant to any of the substantive issues raised by appellants at trial, evidence offered to address or explain his absence was likewise irrelevant. See *Lozier v. Leonard*, 173 Ga. App. 697, 699 (3) (327 SE2d 815) (1985). Moreover, the record shows that the evidence appellants sought to introduce did not relate to notice of trial, but instead concerned their efforts to perfect service on appellee and to inform him of the existence of the lawsuit. Accordingly, we find no error.

3. Appellant contends the court's instruction on remote damages was not authorized by the evidence because the cause of her injuries was undisputed. We do not agree. The court charged the jury that "if the damages suffered by the plaintiff are, in your judgment, . . . only imaginary or the possible result of a tortious act, or if other and contingent circumstances preponderate in causing the damage, such damages are too remote to be the basis of recovery against the defendant." Although the article "the" was transposed from its proper position, see OCGA § 51-12-8, we find this charge, when considered with the entire charge to the jury, was a correct statement of the law on remote damages. Since extensive evidence was adduced on the issue whether the medical expenses Ms. Williams incurred were attributable to the accident or whether they arose from other causes, this charge was adjusted to and authorized by the evidence. See *Central of Ga. R. Co. v. White*, 135 Ga. 524, 525-526 (3) (69 SE 818) (1910); *Hill Aircraft &c. Corp. v. Tyler*, 161 Ga. App. 267, 272 (7) (291 SE2d 6) (1982).

4. Appellants' challenge to the court's charge on accident is similarly without merit. The charge was authorized because there was evidence from which the jury could have concluded that the collision resulted from an accident unmixed with the fault of either party. See

*Foist v. Atlanta Big Boy Management*, 166 Ga. App. 304, 305 (2) (304 SE2d 111) (1983). Moreover, appellants cannot show harm because the jury's verdict in their favor indicates that the jury did not consider the collision to be an accident. Id.

Judgment affirmed. *McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1991 —
REHEARING DENIED FEBRUARY 22, 1991 — 

*Duffy & Feemster, Dwight T. Feemster*, for appellants.
*Brannen, Searcy & Smith, Leesa A. Bohler*, for appellee.