A91A1500. MANSFIELD v. PIZZA HUT OF AMERICA, INC.
(415 SE2d 51)

BIRDSONG, Presiding Judge.

Martha Mansfield appeals from a judgment for $20,000, based upon a jury verdict, in her favor. She alleges the trial court erred by denying her motion for new trial because the verdict for $20,000 was inadequate since the verdict was less than her special damages. *Held*:

The evidence, construed to support the verdict, shows that Mrs. Mansfield fell in a Pizza Hut after her chair broke. She admitted that she fell while she rocked back and forth on the chair showing that the chair was wobbly. Also, witnesses testified that after her fall, Mrs. Mansfield said she was not hurt.

Although Mrs. Mansfield presented evidence tending to show that she incurred special damages for medical expenses and lost wages in excess of the amount of the verdict and that her life changed as a result of the fall, other evidence primarily from her own physician showed that she complained of some similar symptoms prior to this fall, that he did not see any bruises when he examined her after the fall, that he could make no objective physical findings supporting these symptoms, that he considered her problems to be psychological and that her treatments before and after her fall were substantially the same.

Additionally, Mrs. Mansfield's chiropractor testified he treated her for arm and neck pain on two occasions years before this fall. A neurologist also testified that Mrs. Mansfield's neurologic examination was within normal limits, and a neurosurgeon also testified that

Mrs. Mansfield had no neurologic disability and that she could work as a school teacher. Further, another witness testified that Mrs. Mansfield told him she injured her back before her fall moving a bookcase, and that one of Mrs. Mansfield's hospitalizations was because of acute asthmatic bronchitis. Moreover, the psychologist's interpretation of Mrs. Mansfield's psychological test results was that she could overuse addictive substances and was likely to seek obscure treatment of any problems she might have. As this evidence conflicts with the evidence supporting Mrs. Mansfield's claims for these damages, the evidence did not demand a verdict in the amount of her special damages. See *Williams v. Opriciu*, 198 Ga. App. 663, 664 (402 SE2d 744); *Smith v. Doe*, 176 Ga. App. 711, 712 (337 SE2d 367).

Also, the evidence that Mrs. Mansfield admitted she was rocking the chair to show how wobbly it was raises the issues of equal knowledge and of her own negligence in engaging in that activity when she knew the chair was defective, and when "comparative negligence is involved under the pleadings and the evidence, a verdict for damages for personal injuries cannot properly be set aside on the ground that the verdict is inadequate." (Citation and punctuation omitted.) *Palo v. Meisenheimer*, 199 Ga. App. 24, 25 (403 SE2d 881).

Therefore, it cannot be said that the verdict was against the preponderance of the evidence in the case. Consequently, the criteria of OCGA § 51-12-12 (a) were not satisfied. See *Salvador v. Coppinger*, 198 Ga. App. 386, 387 (401 SE2d 590): The damages awarded are not clearly so inadequate as to be inconsistent with the preponderance of the evidence. Moreover, whether the verdict was inadequate is an issue which is addressed to the discretion of the trial judge and the standard of review in this court is whether the trial judge abused his discretion in denying the motion for new trial. *St. Paul Fire &c. Co. v. Dillingham*, 112 Ga. App. 422, 425 (145 SE2d 624). The "trial [court's] denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is *no* evidence to support the verdict." (Citation and punctuation omitted.) *Mathis v. Dept. of Transp.*, 185 Ga. App. 658 (365 SE2d 504). Based upon the evidence in this case, we cannot say that the trial court abused its discretion, and thus, the trial court did not err by denying Mrs. Mansfield's motion for a new trial.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 29, 1992.

*Gammon & Anderson, Joseph N. Anderson*, for appellant.
*Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr.,*

for appellee.

