A03A0503. FLYNN v. MACK et al.

(578 SE2d 488)

ELDRIDGE, Judge.

Plaintiff-appellee Ludie Mack brought the instant suit against defendant-appellant Virginia Lee Flynn and defendant-appellees Custombilt Products, Inc. and Eric Cameron Duncan for personal injuries and property damage sustained in a three-car collision which occurred near the foot of the Sidney Lanier Bridge, located on U. S. Highway 17, Glynn County, Georgia. Mack, traveling south, had parked on the right shoulder of the road while the lift span of the bridge was raised to allow the passage of a boat below. Flynn and Duncan (the driver of an Isuzu box truck owned by his employer, Custombilt) were also traveling south on U. S. 17 behind Mack. The accident occurred as Flynn changed lanes, moving from the left lane in which she was traveling into the right lane in front of Duncan. Duncan struck Flynn's vehicle from the rear propelling it into Mack's vehicle parked on the shoulder of the road. Sued as joint tortfeasors, Flynn, Duncan, and Custombilt answered, denying the material allegations of Mack's complaint, as amended. No cross-claim or counter-claim was filed.

At the conclusion of the jury trial, the trial court granted Mack's motion for a directed verdict as to liability against one or multiple defendants and sent the case to the jury with three special verdict forms. These allowed the jury to find in favor of Mack and against Flynn only; to find in favor of Mack and against Duncan and Custombilt; and to find in favor of Mack and against Flynn, Duncan, and Custombilt, respectively. The jury returned a verdict against Flynn, alone, in the amount of $469,800, inclusive of $5,000 for property damage as associated with the loss of Mack's vehicle, plus interest and costs. Flynn appeals from the denial of her motion for new trial,

and upon their motion to dismiss filed thereafter, we have dismissed Duncan and Custombilt from this appeal. " 'It is well settled that where several are sued at law or in equity and a several . . . verdict is had, a new trial as to one will not disturb the other.' *Willingham v. Field*, 65 Ga. 440, 444 [(1880)]." *Brissette v. Munday*, 222 Ga. 162, 163 (149 SE2d 110) (1966); *Gordon v. Johnson*, 114 Ga. App. 207 (150 SE2d 461) (1966). Flynn's claims of error as meritorious only as to the question of property damage, we affirm in part and reverse in part. *Held*:

1. Flynn contends that the trial court erred in denying her motion for new trial as contrary to the weight of the evidence.

A trial court may grant a motion for new trial if, in the exercise of its discretion, it finds that a jury's verdict was against the weight of the evidence. OCGA § 5-5-21. However, when a trial court denies such a motion, the appellate court does not have the discretion to grant a new trial on that ground. "We can only review the evidence to determine if there is any evidence to support the verdict. [Cit.]" *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978).

*Cook v. Huff*, 274 Ga. 186 (1) (552 SE2d 83) (2001). "The appellate courts 'can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported.' [Cit.]" Id. "The trial court's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is *no* evidence to support the verdict." (Citation and punctuation omitted; emphasis in original.) *Mansfield v. Pizza Hut of America*, 202 Ga. App. 601, 602 (415 SE2d 51) (1992); *Greene v. Bowers*, 229 Ga. App. 324, 325 (493 SE2d 709) (1997).

At trial, Duncan, whose testimony was corroborated by an eyewitness, testified that the accident at issue occurred as Flynn changed lanes, moving from the left lane into the right lane immediately in front of his vehicle. Duncan hit Flynn's vehicle, forcing Flynn into Mack's vehicle on the shoulder of the road. An expert witness in the field of accident reconstruction opined that Duncan's collision with Flynn was unavoidable. And, in other expert testimony, an ophthalmologist testified that Flynn suffered from a stroke-related blind spot on the right side of her field of vision which, in the absence of time to physically turn her head to the right and move it up and down, might cause her to miss a vehicle to her right approaching from the rear. Given the evidence of record,[1] and the jury having

---

[1] By her brief on appeal, Flynn admits that there is slight evidence supporting the jury's verdict against her; however, since such admission is but an opinion on the facts, we

decided the issue of liability against Flynn, we will not interfere with the judgment of the trial court in denying Flynn's motion for new trial. *Cook v. Huff*, supra; *Mansfield v. Pizza Hut of America*, supra; *Greene v. Bowers*, supra.

2. Neither did the trial court err in directing a verdict in favor of Mack on the issue of liability.

> The standard of appellate review of the denial of a motion for new trial on the general grounds is essentially the same as that applicable to the denial of a motion for directed verdict or judgment n.o.v. See *Womack v. St. Joseph's Hosp.*, 131 Ga. App. 63-64 (1), (2) (205 SE2d 72) (1974), overruled on other grounds, *Herr v. Withers*, 237 Ga. App. 420, 422 (515 SE2d 174) (1999).

*Cook v. Huff*, supra. Inasmuch as there is evidence supporting the verdict, Division 1, supra, the instant claim of error likewise must be deemed as without merit. Id.

3. Flynn further contends that the trial court erred in permitting the issue of property damage to Mack's vehicle to go to the jury and charging the jury thereon. Flynn argues error in that (1) the consolidated pre-trial order, as superseding Mack's pleadings to the contrary, OCGA § 9-11-16 (b); *Life Care Ambulance v. Hosp. Auth. of Gwinnett County*, 202 Ga. App. 864, 865 (415 SE2d 502) (1992), sought no recovery for damage to her vehicle; (2) Mack had no claim against her for property damage, the same having been paid by Mack's insurer and such insurer having filed a subrogation action against her and Duncan in Pierce County; and (3) Mack's evidence as to the pre-loss and post-loss value of her vehicle was insufficient. We need only address Flynn's challenge to the sufficiency of the evidence.

The measure of damages for the total loss of a vehicle is limited to the difference in the fair market value immediately before and after the accident. *Cooper v. Metro. Transit System*, 117 Ga. App. 764 (1) (161 SE2d 916) (1968).

> Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article [in question] but may testify as to [its] value if he [or she] has had an opportunity for forming a correct opinion. In order for a witness to give his opinion as to value, he must give his reasons for forming that opinion by showing that he

---

find that it does not constitute an admission in judicio. See *O'Brien Family Trust v. Glen Falls Ins. Co.*, 218 Ga. App. 379, 381 (2) (461 SE2d 311) (1995) (rule binding parties to their judicial admissions (OCGA § 24-3-30) applicable to admissions of fact not opinion).

had some knowledge, experience, or familiarity as to the value of the item. The testimony of a witness that he is familiar with the value of the item in question is sufficient. . . . Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their own knowledge and ideas. After a witness has given his basis for opinion evidence as to value, it is up to the jury to determine its weight.

(Citations and punctuation omitted.) *Varnedoe v. Singleton*, 154 Ga. App. 332-333 (268 SE2d 387) (1980).

Pertinently, Mack testified that she purchased her vehicle, a 1988 Mercury Topaz GS, in 1988; that she had owned the vehicle for ten years at the time the accident occurred; that, at the time of the accident, it was in good condition, having been regularly serviced, properly maintained, and driven fewer than 50,000 miles; that as a result of the accident her vehicle was completely demolished; and that on the basis of being knowledgeable as to what other cars were selling for and having owned four previous vehicles, *she* valued her vehicle as worth $8,000 at the time of its loss. While counsel for Duncan and Custombilt objected to the foregoing testimony as insufficient to establish the fair market value of Mack's vehicle at the time of the accident, the trial court overruled the objection, instructing the parties that evidence of fair market value could be developed on cross-examination. In further testimony on direct, Mack testified that she sought $5,000 for property damage in that, after the accident, she shopped for another vehicle comparable to the one she lost and found that such a vehicle would cost between $5,000 and $6,000. There was no cross-examination.

Mack's testimony, as a matter of law not reaching the fair market value of her vehicle after her accident, the trial court erred in permitting the jury to decide the question of property damage. *Varnedoe v. Singleton*, supra; *Cooper v. Metro. Transit System*, supra. It follows that it was improper to charge thereon. In the absence of slight evidence in support of the theory of the charge, a jury instruction on such issue is not authorized. *Blackford v. State*, 251 Ga. App. 324, 326 (2) (554 SE2d 290) (2001). Therefore, we reverse the award of property damages and direct that such damages be stricken from the judgment.

4. There was no error in the trial court's denial of Flynn's motion in limine and motion to strike the testimony of Mack's treating physician, diagnosing Mack, among other things, as having a broken neck — this, as based upon hearsay, i.e., the results of an MRI (magnetic resonance image) report.

An expert can give an opinion based upon facts which he personally observes and, where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, on the other person's findings. Further, knowledge gained from hearsay by an expert, during the practice of his or her profession, may be used to express an opinion. Even if some of the physician's expert testimony was based upon records which were hearsay . . . , this would go to the weight of the evidence and not its admissibility.

(Citations and punctuation omitted.) *Joiner v. Lane*, 235 Ga. App. 121, 126 (4) (508 SE2d 203) (1998); see also *McGuire v. Davis*, 437 F2d 570, 572 (5th Cir. 1971) ("[A] physician who has examined an injured party may describe what he has seen and give his expert inferences therefrom.").

5. Finally, Flynn contends that the trial court erred in failing to direct a verdict as to certain medical bills introduced in evidence by Mack. The record reveals that the trial court's refusal to direct such a verdict came in response to motions for a directed verdict made by Duncan and Custombilt. Flynn neither moved for a directed verdict as to such evidence nor did she interpose any objection thereto. Consequently, there is nothing for review. "[T]here is no more fundamental principle of appellate review than that preventing consideration of evidentiary objections not raised before the trial court and contained in the record on appeal." *Perry v. Intl. Indem. Co.*, 169 Ga. App. 818, 819 (1) (315 SE2d 13) (1984).

6. In light of our order dismissing Duncan and Custombilt from this appeal, we need not address Flynn's remaining claim of error.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2003 —
RECONSIDERATION DENIED FEBRUARY 26, 2003 —

*Drew, Eckl & Farnham, Brenda Katz-Flexer*, for appellant.
*Forbes & Bowman, Scot V. Pool, Jack Hutto, Karen M. Krider*, for appellees.